FIRST PRESBYTERIAN CHURCH OF ST. .CHARLES, MISSOURI, Respondent, v. JOHN A. KELLAR, Appellant.

| 39 | 441 |
|----|-----|
| 39 | 630 |

St. Louis Court of Appeals, February 18, 1890.

1. **Deeds, Construction of:** DESCRIPTION OF PROPERTY CONVEYED. A deed must be construed so as to give effect, if possible, to all its parts. And if the owner of certain property convey it in two parcels, describing the parcels as the northern and southern halves, respectively, of the property, but further describing each parcel by metes and bounds, and as running to and bounded by an alley, and if such metes and bounds, if followed, would result in the establishment of an alley intermediate between the two parcels, while the strict division of the property into halves would make the center line of such alley the division line between the parcels, the deeds should be construed so as to create an easement right to such alley in favor of each parcel, and to vest in each grantee the fee to the center of the alley subject to such easement right.

2. **Pleading:** DEFECT OF PARTIES. An objection, that there is a defect of parties defendant cannot be considered, if not raised by demurrer or answer.

*Appeal from the St. Charles Circuit Court.*— HON. W. W. EDWARDS, Judge.

---

First Presb. Church of St. Charles v. Kellar.

---

AFFIRMED.

*Thos. Thoroughman* and *J. K. Hansbrough*, for the appellant.

There has been no dedication of the strip, thirty-five feet, four inches wide, by ninety-five feet, six inches long, between the two lots to the public, or to respondent's use, either as an alley or otherwise. *Becker v. City of St. Charles*, 37 Mo. 13; *City of St. Louis v. University*, 88 Mo. 155; *Bailey v. Culver*, 12 Mo. App. 175; *Ogden v. Jennings*, 62 N. Y. 526. Under the evidence, there has been no such injurious invasion of respondent's rights, conceding it to have any, to the portion of the strip enclosed, as to justify the granting of the mandatory injunction prayed for here. *King v. McCully*, 38 Penn. 76. There must be a substantial injury, not trivial, or simply an inconvenience. *Fort v. Groves*, 29 Md. 188; *Green v. Oaks*, 17 Ill. 249.

*C. W. Wilson*, for the respondent.

The deeds from Francis A. Morris and wife to Eugene Gauss and Robert P. Farris, respectively, on March 4, 1867, established or created the alley between the two lots conveyed. *Carlin v. Paul*, 11 Mo. 32–34; *Becker v. St. Charles*, 37 Mo. 18–19; *Thurston v. St. Joseph*, 51 Mo. 512; Washburn on Easements, p. 170 and 172; *Bailey v. Culver*, 12 Mo. App. 175. · The plaintiff is as much entitled to the free, unobstructed use of the alley in question, as an alley, as it is to its adjoining lot. *Thurston v. St. Joseph*, 51 Mo. 512; *Lackland v. Railroad*, 31 Mo. 181.

ROMBAUER, P. J., delivered the opinion of the court.

This is a proceeding in equity to restrain the defendant from fencing and obstructing a space, over which the plaintiff claims an easement as and for an alley-way. Upon final hearing the court made a decree ordering

the defendant to remove all obstructions placed in the alley-way, and ordering him to desist from obstructing it any further.    From this decree the defendant appeals, and he assigns for error that the decree is not warranted by the allegations of plaintiff's petition and the evidence adduced in support thereof.

One Morris, under whom both the plaintiff and defendant claim, and who was the owner of all the ground in square or block number 128 of St. Charles hereinafter described, made two deeds on the fourth day of March, 1867, both of which were acknowledged and delivered on the following day.    By one of these deeds he conveyed *to Gauss, the plaintiff's grantor*, a lot of ground which he described as a lot of ground, being a part of city square number 128, said lot fronting ninety-five feet, six inches southwardly on Madison street, and extending back northwardly with the same width *one hundred and thirty-four feet to an alley*, bounded south by Madison street, east by part of the same square now owned by Griffith, *north by said alley*, and west by Fifth street, the lot conveyed *being the southern half* of a lot or parcel of ground conveyed to said Morris by the heirs of Fielding.    By the other of these deeds Morris conveyed to *Farris, the defendant's grantor*, a lot of ground described in the deed as follows :    A lot of ground, being a part of city square number 128, said lot being ninety-five feet, six inches, fronting northwardly on Jefferson street, and extending back southwardly with the same width *one hundred and thirty-four feet to an alley*, bounded on the north by Jefferson street, on the east by part of the same square, now owned by Griffith, *on the south by said alley*, and on the west by Fifth street, the lot hereby conveyed *being the northern half* of a lot or parcel of ground conveyed to said Morris by the heirs of Fielding.    The plat hereto annexed will best illustrate the lots represented by these two conveyances under then existing circumstances, and the matters in controversy between the parties.

First Presb. Church of St. Charles v. Kellar.

It further appeared that the defendant had erected or was about to erect a fence enclosing a strip, ten feet and four inches wide, on the southern boundary of his lot, and inclosing part of the open space of thirty-five feet, five inches, which the plaintiff claims is an alley-way. There was also some evidence tending to show that a wide alley is of material convenience to the plaintiff for hitching teams, during service in its church; that its lot was bought for church purposes; and that such fact was well known on the fourth of March, 1867, to all the parties. The defendant claims that, on this evidence, the decree was unwarranted; that there was no privity between Gauss and Farris the original grantees, and that, according to rules applicable to conveyances of realty, whenever there is a conflict in a deed between natural boundaries, and courses and distances, the former control. *Clamorgan v. Railroad,* 72 Mo. 139. The defendant further claims that it follows as a logical sequence from these propositions that the conveyance made to his grantor, describing the property as the northern half of the property conveyed to Morris by Fielding's heirs, controls the distance of one hundred and thirty-four feet from Jefferson street given as the southern boundary, and brings his southern line more southwardly even than the line of the fence erected by him.

The vice of this argument consists in this: It omits another and more important element in the construction of deeds, namely, that the instrument must be so read, as to give effect to all its parts, if practicable. It further loses sight of the fact that there is nothing in the record to show what the property conveyed by Fielding's heirs to Morris was, unless we have recourse to the deed made by Morris to plaintiff's grantor, in which the property conveyed is described as the southern half of the property conveyed by Fielding's heirs, and that, by so doing, the description in this one deed necessarily

becomes supplementary to the description in the other. The argument further loses sight of the proposition that there is nothing inconsistent in the conveyance of the fee in the alley-way to one of the parties, and the establishment of the alley as an easement over part of the property conveyed in fee, a proposition which is fully discussed in *In the Matter of Thirty-second Street*, 19 Wend. 130. An adjoining owner may have a full and complete easement in a street or alley while the public have none, and that, regardless of the fact whether the fee in the street is in the adjoining owner or in his grantor. *Becker v. St. Charles*, 37 Mo. 13.

Applying these propositions to the facts presented by the record, the following conclusions seem inevitable. The deeds executed by Morris on March 4, 1867, to the plaintiff's and defendant's grantors call for an alley as the respective northern and southern boundaries of the property conveyed. The property was conveyed in equal halves, the southern half to plaintiff's grantor, and the northern half to defendant's grantor. If we read the deeds as conveying to each party the fee, subject to no easement, we must reject the distances given in the deed, and the call for an alley altogether. If we read the deeds as, under proper rules of construction, they must be read, we give effect to the distances and the call for the alley, and the conveyance of one-half of the fee to each of the grantees, that is to say, we give effect to every part of the two deeds. Now there is nothing to show that the grantor contemplated two separate and distinct alleys, one on the southern boundary of the lot conveyed to defendant's grantor, and one on the northern boundary of the lot conveyed to plaintiff's grantor; on the contrary all the circumstances, as well as the distances in the deed point to the fact that he contemplated only one alley for the benefit of both grantees, occupying an intervening space between the two lots conveyed, as their boundaries are determined

by distances given. This establishes the alley as the plaintiff claims it, and entitles the plaintiff to the relief granted.

Point is made on the want of proper parties defendant. As this question was not raised either by demurrer or by answer, it is not properly before us for review.

All the judges concurring, the judgment is affirmed.