# EDWARD D'ARCY, Respondent, v. CATHERINE LEAD COMPANY, Appellant.

**St. Louis Court of Appeals. Argued and Submitted November 18, 1910. Opinion Filed December 30, 1910. Opinion on Motion for Rehearing Filed February 7, 1911.**

1. EVIDENCE: Expert Testimony: Questions. It is not error to exclude the opinion of an expert as to his conclusion based upon the testimony he has heard, although it is claimed he heard all the testimony, since expert witnesses should be confined to giving their opinions on hypothetical questions.

2. ———: ———: Function of Witness and Jury. An expert witness may express his opinion on a given state of facts, but it is for the jury to draw its own conclusions from the opinion so expressed.

3. INSTRUCTIONS: Nondirection Not Error. Where two different classes of expert witnesses testify in a case, the error of instructing the jury with respect to its duty in considering the opinions of one of such classes and omitting any reference to the other class is one of nondirection, which is not reversible error in a civil case.

4. ———: Refusal: Cautionary Instructions Respecting Expert Testimony. The statement, in a requested instruction as to the testimony of experts, that the jury may exercise an independent judgment from their own knowledge and experience, is defective in not confining the jury, in the exercise of their independent judgment, apart from the opinions of experts, to a judgment founded on the evidence in the case.

5. ———: ———: Correcting Improper Instruction. It is not the duty of the court, when requested to give an incorrect instruction, to correct it and then give it.

6. ATTORNEY AND CLIENT: Damages: Verdict Held Not Excessive. In an action by an attorney against his client for legal services performed, a verdict for $3875 is *held* not excessive.

## ON MOTION FOR REHEARING.

7. EVIDENCE: Hypothetical Question: Assuming Facts: Attorney and Client. In an action by an attorney against his client for legal services performed, a hypothetical question as to the value of such services was not erroneous in assuming that the decision in the suit in which the services were ren-

dered settled the controversy with respect to other property than that involved in such suit, where it appeared that other suits involving the title to such other property were in abeyance pending the determination of said suit.

8. ————: ————: **Not Based on Evidence.** An objection to a hypothetical question not based upon facts in evidence is properly sustained, where the question is not followed up by an offer to supply the missing facts.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Carter, Collins, Jones & Barker* for appellant.

(1) There being no express contract covering the rendition of the services in question, the plaintiff's recovery is limited to the reasonable value of the services rendered. 4 Cyc. 994, note 52, and cases cited; 3 Am. and Eng. Ency., 419 (2 Ed.); Kingsbury v. Joseph, 94 Mo. App. 298; Brownregg v. Massengale, 97 Mo. App. 190; Wright v. Baldwin, 51 Mo. 269; Rose v. Spies, 44 Mo. 20; Dempsey v. Wells, 109 Mo. App. 470. (2) In determining the reasonable value of such services, the time and labor consumed, the responsibility assumed, the character of the litigation, the amount involved, and the benefits derived, are to be considered. 4 Cyc. 994, note 52, and cases cited; 3 Am. and Eng. Enc. (2 Ed.), 420; Trimble v. Railroad, 201 Mo. 372; Gorman v. Banigan, 46 Atl. 38; Weeks on Attorneys, sec. 343. (3) The court erred in permitting the plaintiff's experts to answer plaintiff's hypothetical question because said question was based upon false, erroneous and misleading assumptions and omissions. Russ v. Wabash, 112 Mo. 45; State v. Dunn, 179 Mo. 95; State v. Brown, 181 Mo. 192; Root v. Railroad, 195 Mo. 348; King v. Gilson, 206 Mo. 264; Fullerton v. Fordyce, 144 Mo. 519; Culbertson v. Railroad, 140 Mo. 35; State v. Palmer, 161 Mo. 152; Smart v. Kansas City, 91 Mo. App. 586;

Benjamin v. Railroad, 50 Mo. App. 602; Goss v. Railroad, 50 Mo. App. 614; Riley v. Sparks, 52 Mo. App. 572; Hicks v. Railroad, 124 Mo. 115; Mammerberg v. Railroad, 62 Mo. App. 563; Marshall v. McKelvery, 55 Mo. App. 240; Gas Light Co. v. Insurance Co., 33 Mo. App. 348. (4) The court erred in refusing on cross-examination to permit plaintiff's experts to give their opinion, based on all the testimony. State v. Privett, 175 Mo. 207; State v. Klinger, 46 Mo. 224; State v. Wright, 134 Mo. 404; State v. Welsor, 117 Mo. 570; Benjamin v. Railroad, 50 Mo. App. 602; Riley v. Sparks, 52 Mo. App. 572; State v. Soper, 148 Mo. 217; Tingley v. Cowgill, 48 Mo. 291; Brown v. Huffard, 69 Mo. 305; Gas Light Co. v. Ins. Co., 33 Mo. App. 348; Feed and Coal Co. v. Railroad, 129 Mo. App. 498; Wigmore on Evidence, 681, 682; Benjamin v. Railroad, 133 Mo. 289; Strauss v. Railroad, 86 Mo. 421; Fry v. Estes, 52 Mo. App. 1; 17 Cyc. 253. (5) The court erred in refusing the second instruction offered by the defendant. This error was not cured by the subsequent instruction relating to expert testimony, because such subsequent instruction instructed the jury only with reference to the opinion evidence as to the value of the plaintiff's services. The defendant was entitled to this instruction to inform the jury of its province relative to the expert testimony of witness Johnson on land values and the value of the ore body on the property involved in the Collier litigation. St. Louis v. Kansas City, 110 Mo. App. 653; Resletsky v. Railroad, 106 Mo. App. 382; Wiley v. Gas Co., 132 Mo. App. 380; Hoyberg v. Henske, 153 Mo. 63; Hull v. St. Louis, 138 Mo. 618; Cosgrove v. Burton, 97 Mo. App. 698; Markey v. Railroad, 185 Mo. 348; King v. Gilson, 191 Mo. 307.

*Henderson, Marshall & Becker* for respondent.

The court did not err in not permitting appellant to examine the experts as to their opinions of the value

of the plaintiff's service based upon what they had heard in the court of the facts as detailed by the other witnesses, they stating that they had been in court during the whole trial of the case. Livery Co. v. Railroad, 105 Mo. App. 560; State v. Privitt, 175 Mo. 207; Glasgow v. Railroad, 191 Mo. 361; Bragg v. St. Ry., 192 Mo. 343.

REYNOLDS, P. J.—The respondent, plaintiff below, brought his action against defendant for services rendered by him as an attorney at law, in preparing abstracts, briefs and arguments and orally arguing, in behalf of defendant, a certain case then pending in the Supreme Court of this state, the case being decided in that court in favor of his client, this defendant. There was no agreement as to the fee to be paid plaintiff, he averring that the reasonable value of his services was $10,000, and for that amount he demanded judgment. The answer, admitting the employment of plaintiff in the case named and that he had rendered the services claimed in the Supreme Court, denies that they were of the reasonable value of $10,000. Defendant further avers that it had, prior to the trial of this case, tendered plaintiff $1250 in full payment for his services, together with the costs then accrued, and that it is still willing to pay that amount and consents that judgment may be rendered accordingly. It will be noticed that there is no admission that the services were worth $1250. The reply, admitting the tender and refusal of plaintiff to accept the amount, renews his demand for judgment for the full amount sued for. There was a trial before the court and jury, resulting in a verdict in favor of plaintiff for $3875. From this, the defendant, after moving for a new trial and saving its exceptions to its being overruled, has appealed to this court.

A number of witnesses, practicing attorneys, testified as to the value of the services rendered by plaintiff, the value of the property involved in the action in the Supreme Court being one of the elements on which the

estimate of the value of the services was to be based, as also the importance to defendant of the point settled by the decision of the Supreme Court, and the amount of time, labor and skill involved in attention to the case. In addition to testimony of the attorneys who testified as experts as to the value of the professional services, was that of two witnesses, testifying as experts to the value of the property involved. One of them, a mining engineer, called by plaintiff, the other an attorney at law, called by defendant.

At the conclusion of the trial, the court, at the instance of plaintiff, after instructing the jury as to the facts of plaintiff being a duly licensed attorney, and that the defendant is a corporation, and that plaintiff rendered legal services in the action referred to, told the jury that the only question for decision was the reasonable value of the services rendered by plaintiff in that case in the Supreme Court of this state, and that the plaintiff is entitled to recover from the defendant such sum as the jury may find and believe from the evidence would be a reasonable compensation to the plaintiff for such services.

The defendant asked three instructions as follows:

1. "The court instructs you that the evidence given by attorneys as to the value of plaintiff's services, does not preclude you from exercising your own knowledge upon the value of such services. It is your duty to weigh the testimony of the attorneys as to the value of plaintiff's services, if any, by reference to their nature, the time occupied in their performance, and other attending circumstances, and you may apply to it your own experience and knowledge, if any, of the character of such services."

2. "The court instructs the jury that the testimony of expert witnesses is only advisory; that they are not required to surrender their judgment and to give a controlling influence to the opinion of expert witnesses,

but may exercise an independent judgment from their own knowledge and experience."

3. "The court instructs the jury that the opinion evidence given in this case as to the reasonable value of the plaintiff's services is advisory only; that is to say, you are not bound to find in accordance with such opinion evidence, in the sense in which you are bound by the testimony of witnesses as to facts testified to by them. It is, however, your duty to watch and consider the opinion evidence given by the witnesses in this case and to attach such value and weight thereto as you may believe and find from all the other facts and circumstances shown in evidence it is fairly and reasonably entitled to; and in arriving at your verdict in this case you should not only consider the opinion evidence given in the case as to the value of plaintiff's services, but also all the facts and circumstances attending the services rendered by him, as shown by the evidence in this case."

In lieu of these three instructions the court of its own motion gave this instruction:

"The court instructs the jury that the opinion evidence given in this case as to the reasonable value of the plaintiff's services is advisory only; that is to say, you are not bound to find in accordance with such opinion evidence in the sense in which you are bound by the testimony of witnesses as to facts testified to by them, but may exercise an independent judgment as to the value of such services, based upon the evidence in the case. It is, however, your duty to weigh and consider the opinion evidence given by the expert witnesses, and to attach such value and weight thereto as you may believe and find from all the other facts and circumstances shown in evidence it is fairly and reasonably entitled to; and in arriving at your verdict in this case you should not only consider the opinion evidence given in the case, as to the value of the plaintiff's ser-

vices, but also all the facts and circumstances attending such services."

In addition to this instruction given was the usual one as to the number of jurors necessary to concur, the jury also being advised that under the pleadings plaintiff was entitled to a verdict in a sum not less than $1250.

We have examined the record of proceedings at the trial of this case and find nothing constituting reversible error in the action of the learned trial court on the admission and exclusion of testimony. We see no error in the action of the trial court in excluding opinion testimony of witnesses of whom it was claimed that they had heard all the testimony in the case, as to the conclusion to be drawn from that. We think the better rule is to confine expert witnesses to hypothetical questions. The danger of allowing a witness, answering on what he says he has heard in the case in the way of testimony, to give his opinion, is that his recollection of what he has heard may not be accurate and his recollection even may be influenced by his consideration of the importance or bearing of the testimony or on the credence he gave to the testimony; hence the witness may be answering not in the true capacity of an expert on assumed facts but as a trier of the fact himself. That is not the province of an expert but the duty of the jury. An expert may express his opinion on a given state of facts, but it is for the jury to draw its own conclusions from the opinion so expressed. [Baehr v. Union Casualty & Surety Co., 133 Mo. App. 541, 113 S. W. 689.]

We are asked to reverse the judgment in this case for what is claimed to be grave error in connection with the giving and refusing of instructions. The particular error assigned is in refusing the second instruction offered by defendant, and in omitting all reference in the one given to the particular phase of the case covered by this second instruction, it being claimed that this was

not cured by the instruction as given, because, as it is claimed, it directed the attention of the jury solely to the evidence of the attorneys, with reference to the value of plaintiff's services, excluding that of the mining engineer as to the values of the property, it being further claimed that the defendant was entitled, as was asked in this second instruction, to have the court direct the jury relative to the testimony of all the experts. We have, after careful consideration, determined that this assignment cannot be sustained. The learned trial judge, in attempting to consolidate the three instructions asked by the defendant into one, may have lost sight of the proposition covered by this second instruction. A careful reading of the instruction given by the court at his own motion leads us to think that this is true. But conceding this, the error is one of non-direction, not of misdirection. In a civil case, mere non-direction is not reversible error. If appellant desired to cover the testimony of the mining engineer as to values specifically, and have it placed before the jury on the same footing as that of the attorney's, given as to the value of the services, it should have asked for an instruction to that effect. Learned counsel for appellant claim they did this in the second instruction which they asked but which the court refused. We have set out all of the refused instructions. The first and third which were asked are covered by that given by the court of its own motion, substantially as asked, in almost the identical language asked; certainly to the same legal effect. But neither the first or second instructions asked by defendant and refused, should have been given in the form asked. They were properly refused, in that they omitted confining the jury, in the exercise of their independent judgment, apart from the opinion expressed by the expert witnesses, to judgment founded upon the evidence in the case. [City of Kansas v. Hill, 80 Mo. 523, 1. c. 537; City

of Kansas v. Butterfield, 89 Mo. 646, l. c. 648, 1 S. W. 831 et seq.; Restetsky v. Railroad, 106 Mo. App. 382, l. c. 388, 85 S. W. 665 et seq.] We know of no decision and are cited to none which, in civil cases, makes it the duty of the court, when asked to give an incorrect instruction, to correct it and then give a proper one, and which holds that his failure to do so is reversible error. Upon the whole record we discover no reversible error. In the face of the testimony, we cannot hold that the verdict is excessive. The whole controversy turns on the value of the services rendered. The jury had before it testimony placing that value all the way from $500, the lowest, to $15,000, the highest, as the estimates of value made by reputable practicing attorneys. They were correctly instructed as to their province as jurors, in weighing and giving credit to this testimony. The result arrived at is much below even the average of the figures given, if the rule of average is invoked. We see no evidence of prejudice or passion or of lack of comprehension of the law as given to them by the court, in the amount of the verdict. The judgment is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.

## ON MOTION FOR REHEARING.

PER CURIAM: A motion for rehearing has been filed in this case and carefully considered. Each and every member of the court has read the entire record and given careful consideration to the points raised by the motion for rehearing, particularly those relating to the hypothetical question framed and put by counsel for plaintiff and to parts of which objections were made. Our conclusion was arrived at in the case originally after due consideration of that and of the objections made to it, and seeing no error in connection with it warranting a reversal, affirmed the judgment. On reconsideration we all adhere to the opinion as originally rendered. On reading the record it appears that though there was

title to only seven twenty-sevenths of lot 2 in litigation in the Collier suit in the Supreme Court, as there were other suits in ejectment then pending but in abeyance pending the determination of the Collier case, the determination of the Collier case may be said to have practically involved the title to all the property in the several lots. Hence the hyothetical question was not erroneous in assuming that the decision in the Collier case would either settle, or be controlling in the settlement, of the entire controversy with respect to the title to all the lots.

The argument suggested in the motion for a rehearing, that the hypothetical question omitted from consideration the matter of improvements on the property has not been overlooked. The objection to the question as to considering improvements was well taken, for the reason that there is no proof in the record that the improvements were constructed in good faith as the statute requires; that is to say the question was not followed up with the offer of other testimony which would have brought the matter of payment for the improvements within the provisions of section 2401, Revised Statutes 1909.