STATE ex rel. C. M. BURCHAM, Drainage District No. 48 et al., Plaintiffs-Appellants,

v.

DRAINAGE DISTRICT NO. 25 et al. (J. B. Caneer, Exceptor), Defendant-Respondent.

No. 7398.

Springfield Court of Appeals. Missouri.

June 6, 1955.

Motion for Rehearing Overruled June 29, 1955.

Ford & Ford, Jones & Jones, Kennett, for plaintiffs-appellants.

Bradley & Noble, Kennett, for defendant-respondent.

STONE, Judge.

In this proceeding by Drainage District No. 48 of Dunklin County (hereinafter referred to as the District) for condemnation of a levee right-of-way and a flowage easement on lands owned by J. B. Caneer, the District appeals from a judgment for $10,-350 entered upon a jury verdict. The case comes to us on transfer from the Supreme Court because the amount in dispute is less than $7,500, it being conceded that Caneer is entitled to damages and the lowest estimate thereof being in excess of $3,000. See 271 S.W.2d 525. Caneer owned 45.12 acres of which 8.11 acres were taken for right-of-way, 35.14 acres were left between the levee and the St. Francis River subject to flowage easement, and only 1.87 acres remained on the protected side of the levee. On April 28, 1952, the date of appropriation, a portion of the Caneer tract, estimated at 33.84 acres by Caneer's witness, A. D. Massey, and at 28.5 acres by the District's witness, J. W. Kirkwood, a land appraiser for the U. S. Corps of Engineers, was in cultivation, while the remainder of the tract, estimated at 11.28 acres by witness Massey and at 16.62 acres by witness Kirkwood, was not cleared or cultivated.

The opinion evidence as to the fair market value of the Caneer tract immediately before and imediately after the appropriation varied widely. Four witnesses produced by Caneer valued the tract, immediately prior to appropriation, from $12,-000 to $13,536. Caneer's personal valuation of his tract was $13,261. All thought that the tract would have no market value after appropriation. Three witnesses produced by the District valued the tract, prior to appropriation, from $4,550 to $5,250. Witness Kirkwood estimated the fair market value, immediately after appropriation, at $1,325 and the net damage at $3,493. According to rejected offers of proof, two other witnesses produced by the District, but not qualified to the satisfaction of the trial judge, would have estimated Caneer's net damage at $3,955 and $3,175, respectively. *The jury did not view the Caneer tract.*

On this appeal, the District has raised several questions of substance; but, in our view of the case, the appeal may be determined properly on the District's assignment of error as to Caneer's Instruction 3D, which reads as follows:

"The Court further instructs you that you are the sole judges of the weight of

the evidence and the credibility of the witnesses and the jury may give to the testimony of each witness such weight as they deem it entitled under the facts and circumstances in evidence. You are further instructed that in this case the burden of proving damages, by a preponderance or greater weight of the credible evidence, rests upon defendant. *In assessing these damages, you have the right to and you will be guided by your own judgment with respect thereto, as well as all the evidence in the case.*" (All emphasis herein is ours.)

In considering the District's complaint that the italicized sentence "gave the jury a roving commission," we have in mind the basic and well-established principles that instructions are to be read and construed in the light of the evidence adduced [Hold v. Terminal Railroad Ass'n of St. Louis, 356 Mo. 412, 201 S.W.2d 958, 963(5); Jurgens v. Thompson, 350 Mo. 914, 169 S.W.2d 353, 357(8); Bertke v. Hoffman, 330 Mo. 584, 50 S.W.2d 107, 109(3)] and the issues presented upon trial [Cantwell v. Cremins, 347 Mo. 836, 149 S.W.2d 343, 344(2)]; that the words in an instruction are to be taken in their usual and ordinary meaning and as they are understood generally [Henry v. Grand Ave. Ry. Co., 113 Mo. 525, 21 S.W. 214, 216; Jackson v. Sewell, Mo.App., 284 S.W. 197, 198(2); 89 C.J.S., Trial, § 427, p. 9]; that the meaning of an instruction is to be determined from its entirety and not from isolated words or phrases [Pohl v. Kansas City, Mo., 238 S.W.2d 405, 406(1); Palmer v. Kansas City, Mo.App., 248 S.W. 2d 667, 670(6)]; and that, in determining the correctness of an instruction, we should undertake to ascertain its meaning to the average juror. Rodenkirch v. Nemnich, Mo.App., 168 S.W.2d 977, 979(2).

In the instant case, the jury was told that, in determining the sole issue presented to them, i. e., the amount of damages to be assessed, "you will be guided by your own judgment with respect thereto, *as well as* all the evidence in the 'case." The key to determination of the meaning of this direction to the jury lies in the phrase *"as well*

as." This phrase is one of common usage and its ordinary and accepted meaning is in keeping with the dictionary definitions, to-wit, "equally with; no less than" [Webster's New International Dictionary (2nd Ed., 1954), p. 158], and "equally; just as much; in addition to" [Funk & Wagnalls New Standard Dictionary of the English Language (1952), p. 164]. Standard legal dictionaries carry no definition of the phrase "as well as," and we have found no case indicating that this phrase has or should be given any special or peculiar meaning in the field of law. So, Instruction 3D directed the jury that "you will be guided by your own judgment" with respect to the all-important issue of damages, "equally with" or "no less than" or "just as much" as "all the evidence in the case."

It is proper "'for the jury to exercise their own judgment *upon the facts and proof,* by connecting them with their own knowledge and experience which they are supposed to possess in common with the generality of mankind'" [Miller v. Hotel Savoy Co., 228 Mo.App. 463, 68 S.W.2d 929, 932(6); Roberts v. Kansas City Rys. Co., 204 Mo.App. 586, 228 S.W. 902, 905(7); Dalton v. St. Louis Smelting & Refining Co., 188 Mo.App. 529, 174 S.W. 468, 470]; or, as otherwise stated, "(j)urors may sometimes draw on knowledge that comes from the common experience of mankind to assist them in reaching a conclusion, but that is knowledge that men in general have, not a few in particular." Bowman v. American Car & Foundry Co., 226 Mo. 53, 125 S.W. 1120, 1122(4); Sharp v. Stuebner Cleaning & Mercantile Co., Mo.App., 300 S.W. 559, 562(1).

Nevertheless, jurors are confined, "in the exercise of their independent judgment, apart from the opinion expressed by the expert witnesses, *to judgment founded upon the evidence in the case.*" D'Arcy v. Catherine Lead Co., 155 Mo.App. 266, 133 S.W. 1191, 1193(3). Adherence to the salutary and fundamental principle that the verdict of a jury should be based entirely on evidence regularly produced during trial and should not be influenced by facts dehors

the record which may be known to jurors personally [Allison v. Dittbrenner, Mo. App., 50 S.W.2d 199, 202(8); 53 Am.Jur., Trial, Section 910, p. 654; 89 C.J.S., Trial, § 463a, p. 97; annotation 104 A.L.R. 1017] is as important and essential in a condemnation proceeding as it is in any other jury-tried case [State ex rel. State Highway Commission v. Patton, 229 Mo.App. 331, 77 S.W.2d 857, 858(2); Orgel on Valuation Under Eminent Domain (2nd Ed.) Vol. 1, Section 128, p. 543]; and, insofar as any instruction in a condemnation proceeding "may attempt to authorize the jury to exercise their own judgment in the finding of a verdict free from any connection with the evidence, it is error." In re Twenty-Third St. Trafficway, 279 Mo. 249, 214 S.W. 109, 116(4). In this connection, see also Vinson v. East Texas Motor Freight Lines, Mo., 280 S.W.2d 124, 133, in which our Supreme Court, finding prejudicial and reversible error in the giving of an instruction on the measure of damages in which the jury was told, " 'And on the question of damages you are instructed that the law does not afford any standard of measurement more accurate than that given above, but in connection therewith and all credible evidence relating thereto, the law does permit you to take into consideration your common knowledge and experiences in life,' " pointed out that the quoted language "tended to depreciate the accuracy of the 'standard of measurement' and the enumerated elements thereof to be taken into account in the jury's admeasurement of damages, and permitted and encouraged the jurors to take into consideration whatever other conceivable elements they wished in connection with those the court had enumerated."

▮▮▮▮ We are cognizant of the fact that our Supreme Court recently refused [Hodgson v. Pixlee, Mo., 272 S.W.2d 222, 227(9)], and that this court theretofore had refused on three occasions [State ex rel. State Highway Commission v. Stoddard Gin Co., Mo.App., 62 S.W.2d 940, 942, 943 (5); State ex rel. State Highway Commission v. Metropolitan Life Ins. Co., Mo.App., 157 S.W.2d 217, 219(1); State ex rel. State Highway Commission v. McCann, Mo.App., 248 S.W.2d 17, 24(14), 25], to find reversible error in the giving of an instruction that " 'in determining what weight they will give to the testimony (and opinion) of any witness or witnesses the jury are not confined alone to the statement or statements of the witnesses, but the jury may take into consideration their own experience and observation in the common affairs of life,' " although it was said, in the McCann case, supra, that "it would have been better to have omitted this instruction." However, in each instance the quoted instruction authorized the jurors to draw *only* on their " 'experience and observation *in the common affairs of life*,' " and this *only* " 'in determining what weight they will give to the testimony of any witness or witnesses.' " The jurors "were in effect told that they *might evaluate the testimony* in the light of their own experience and observation." State ex rel. State Highway Commission v. McCann, supra, 248 S.W.2d loc.cit. 25. However, Instruction 3D in the instant case cannot be so justified and passed, for it did *not* limit the jury to consideration of "their own experience and observation in the common affairs of life" *in their evaluation of the testimony,* but rather authorized, if in fact it did not invite, the jurors to draw *without limitation* on *whatever* information, knowledge and experience they might have had. Instruction 3D was clearly erroneous; and, after careful study of the voluminous record, we are unable to agree with Caneer's contention that the giving of this instruction "is not reversible error, even if it is not technically correct."

Counsel will, no doubt, redraft Caneer's Instruction 1D to meet the objections presently urged against it, and other alleged errors need not recur upon retrial. Accordingly, for error in the giving of Instruction 3D, the cause is reversed and remanded for another trial.

McDOWELL, P. J., and RUARK, J., concur.