STATE of Missouri ex rel. The BOARD OF REGENTS FOR the CENTRAL MISSOURI STATE COLLEGE, Plaintiff-Appellant,

v.

Frank T. MORIARTY, Ella M. Moriarty, Mamie Moriarty Arrowood and Roy Arrowood, Defendants-Respondents.

No. 23604.

Kansas City Court of Appeals. Missouri.

Oct. 1, 1962.

Crouch & Fitzgerald, Warrensburg, for appellant.

Gayles R. Pine and Betty Pine Lockard (Pine, Welling, Jones & Lockard, Warrensburg), for respondents.

HUNTER, Presiding Judge.

This is a condemnation suit brought by plaintiff-appellant, the Board of Regents for the Central Missouri State College, to acquire 8½ acres of land located in the City of Warrensburg, Johnson County, Missouri. The named respondents-defendants, Frank T. Moriarty, Ella M. Moriarty, Mamie Moriarty Arrowood and Roy Arrowood, are the owners of the land.

The commissioners appointed by the Circuit Court of Johnson County assessed defendants' damage in the sum of $14,000. This award was paid by plaintiff, and both plaintiff and defendants filed exceptions to the report of the commissioners. The cause was then tried to a common law jury which assessed defendants' damages at $20,000 and judgment was entered in that amount. This appeal followed.

[1] According to plaintiff's evidence the value of the property was between $8,000

and $10,000. Defendants' evidence was that the value of the property was between $23,-500 and $27,500. The amount in dispute being the difference between $20,000, the amount of the judgment, and the $10,000 which plaintiff contends the land is worth, this court has jurisdiction of the appeal. Section 477.040 RSMo 1959, V.A.M.S.

Plaintiff's initial point is that the trial court erred in giving Instruction No. 1, "as said instruction does not properly declare the law of the case, is in conflict with and contrary to the applicable law, and did not give proper guidance to the jury." In the argument portion of its brief plaintiff has illuminated its general contention saying that although the instruction was "lifted" from the case of City of St. Louis v. Vasquez, Mo., 341 S.W.2d 839, 842, it fails to instruct the jury as to the proper basis or elements on which damages are to be estimated, and told the jury to consider only the highest and best use as shown by defendants' evidence.

That portion of Instruction No. 1 which plaintiff criticizes reads: "In assessing the just compensation due them you must allow them the fair market value as of December 21, 1960, for the property described as shown by the evidence.

"The term 'fair market value' means the price which defendants' property would bring when offered for sale by one willing but not obliged to sell it, and is bought by one willing or desirous to purchase it, but is not compelled to do so. Fair market value does not mean the price it would bring where the party selling is forced to sell, or where it is sold for other considerations in addition to the money paid, but rather what the land would fairly bring in the hands of a prudent seller at liberty to fix the time at which he would sell and the conditions under which he would sell. The question is, if the defendants, Frank T. Moriarty, Ella M. Moriarty and Mamie Moriarty Arrowood wanted to sell their property, what could have been obtained for it upon the market from parties who

wanted to buy it on December 21, 1960, and who would give them its full value for its highest and best use, as shown by the evidence."

In a condemnation case it is proper to advise the jury by written instructions what elements they may consider in estimating the damages claimed. State ex rel. State Highway Commission of Missouri v. Haid et al., 332 Mo. 606, 59 S.W.2d 1057, 1060; Siemers v. St. Louis Electric Terminal Ry. Co., 348 Mo. 682, 155 S.W.2d 130, 137.

It is our view that Instruction No. 1 sufficiently sets out the proper basis for determining damages. The jury was clearly directed to determine the "fair market value" of the property appropriated. This is the time honored and correct statement of the measure of damages or just compensation in such cases as this. 29 C.J.S. Eminent Domain § 137, page 974; City of St. Louis v. Smith, 325 Mo. 471, 30 S.W.2d 729. The additional definition of the term "fair market value" substantially follows approved definitions of that term. The words "highest and best use, as shown by the evidence" contained as they were within the otherwise correct definition do not cause the instruction to be reversibly erroneous. See, City of St. Louis v. Vasquez, supra; Illinois Light & Power Co. v. Bedard, 343 Ill. 618, 175 N.E. 851, 618; St. Louis Housing Authority v. Bainter, Mo.Sup., 297 S.W.2d 529.

Plaintiff refers to defendants' evidence that the land is suitable for subdividing, suggesting this evidence was speculative and that the instruction directed the jury to fix that value as the highest and best use. In determining fair market value the essential inquiry is what is the property worth in the open market viewed not merely with reference to the uses to which it at the time applied, but with reference to the uses to which it is plainly adaptable. Thus, if land is so situated that it is actually available and usable for building purposes, as the evidence

before us indicated, its value for such purposes may be considered. All that is necessary in order to be entitled to consideration in arriving at the fair market value of the tract is that such a potential use must be so reasonably probable or available as to motivate a prospective purchaser in his evaluation of the property.

■■ In instructing on the measure of damages care should be used to make it clear that it is the fair market value of the land that is to be determined by the jury from its consideration of all the uses for which it is reasonably available, as shown by the evidence. In this connection, the highest and best use to which the property is adaptable or likely to be needed or used in the reasonably near future is to be considered, not necessarily as *the* measure of its value but as an element affecting and possibly controlling its market value. In some jurisdictions it is common to instruct that the market value of property appropriated is its value on the market for the highest and best use to which it reasonably can be put. See, 29 C.J.S. Eminent Domain § 137, note 82(2), page 974; 4 Nichols on Eminent Domain (3rd Ed.) § 12.314, note 65. It is difficult to see how this can be erroneous unless under the facts of the particular case it results in excluding from the jury's consideration other elements appreciably affecting the market value of the property appropriated. Certainly in the usual case the highest and best use is the most valuable use. Again in the ordinary case it is the most valuable use that establishes the market value of land appropriated. 18 Am.Jur., Eminent Domain, § 244, page 879.

The last sentence of Instruction No. 1 required the jury to make its findings from the evidence. It did not limit the jury to a consideration of only defendants' evidence as plaintiff contends.

■■ In its brief plaintiff charges Instruction No. 1 indicated that the taking of the property was against the will of the owner which makes it prejudicial to plaintiff. This is the first time this objection to Instruction No. 1 has been made. It was not included in the general objections made at the time of the giving of the instructions, nor was it mentioned in the motion for new trial. Civil Rule 79.03, V.A.M.R. provides, "If any specific objections to instruction have not been made at the trial before submission to the jury, then such specific allegations of error in instructions must be set forth in the motion for new trial to preserve the error for review." If we reviewed the objection we would of necessity find it to be without merit for the suggestion to the jury the property was being condemned was first made by plaintiff. Additionally, there is no evidence that the landowners had strong feelings against the taking or that it was against their will. See, City of St. Louis v. Vasquez, supra (2). However, we do not review the contention for plaintiff has failed to preserve it for appellate review.

■ Plaintiff contends the trial court erred in refusing to give Instruction No. 5 which reads: "The Court instructs the jury that in assessing damages due defendants you have the right to and you will be guided by your own judgment with respect thereto, as well as all the evidence in the case." The identical words of the offered instruction were recently before the Springfield Court of Appeals in State ex rel. Burcham v. Drainage District No. 25, Mo. App., 280 S.W.2d 683. In a well reasoned opinion that court noted the instruction was improper and should not have been given for it did not limit the jury to consideration of their own experience and observation in the common affairs of life *in their evaluation of the testimony,* but authorized and invited the jurors in arriving at a judgment to draw without limitation on whatever information, knowledge or experience they may have had. This is quite different from a jury being properly permitted to exercise their own judgment upon the evidence by considering it in the light of their own knowledge and experience which they are

presumed to possess from the common experiences of mankind. For the reason so well expressed by the Springfield Court of Appeals the trial court did not err in refusing to give the offered instruction.

There are two additional reasons why the offered instruction was properly refused. The jury had been fully instructed on the subject in another instruction (No. 3) that had been given by the court and there was no need for any further instruction on the subject. Also, the offered in- truction was cautionary in nature, and the giving or refusal to give cautionary instructions rests in the sound discretion of the trial court. Shell Pipe Line Corp. v. Bruns, Mo.App., 239 S.W.2d 546(5).

During the trial numerous photographs of the land in question were introduced in evidence. Several of these were excellent aerial photographs showing the land and its surroundings. There was substantial testimony from witnesses describing the land and its surroundings. At the close of the evidence plaintiff requested the court to permit the jury to view the premises, and now assigns the court's refusal to do so as error. We find no merit in the assignment. It is the accepted rule that while the trial court may under proper circumstances permit a view of the premises by the jury in a condemnation proceeding it may exercise its discretion in the matter and refuse to do so. On appeal the exercise by the trial court of its discretion will control in the absence of a showing of its abuse. As stated in City of St. Louis v. Worthington, 331 Mo. 182, 52 S.W.2d 1003, 1010, "A view is not a matter of right but rests in the sound discretion of the trial judge as to whether it is proper or necessary to enable the jury to obtain a clearer understanding of the issues involved or to make a proper application of the evidence. 'It is only where there has been a flagrant abuse of this discretionary power that this court will interfere.'" On this appeal no abuse of discretion has been demonstrated.

Plaintiff's final contention is that the trial court erred in allowing testimony that a house, situated on the original tract but omitted from the taking, was connected with the sewer system of the City of Warrensburg. One of the factors involved in determining the fair market value of the premises was whether it was served by a sewer system or had one closely available. There was evidence that sewer, water, gas and electricity services were accessible to the 8½ acre tract taken and that the dwelling house, located on a corner of the original tract, but not taken, had a hookup with the sewer system of Warrensburg. This evidence of the nearness of sewer service and indicative of its availability to the tract appropriated was relevant on the issue of value and its admission was not erroneous. See, Luechtefeld v. Marglous, Mo.App., 151 S.W.2d 710, 714; 20 Am.Jur., Evidence, § 250, page 244.

Since plaintiff has failed to preserve and present on appeal the commission of any prejudicial error by the trial court, the judgment is affirmed. It is so ordered.

All concur.