FLORENCE BAEHR, Appellant, v. UNION CASUALTY & SURETY COMPANY et al., Respondents.

Kansas City Court of Appeals, November 16, 1908.

1. ACCIDENT INSURANCE: Reinsurance: Proximate Cause: Two Accidents: Liability. The Union Company in June insured the decedent against death by accident occurring within ninety days after the injury. He was injured in July. In December the Maryland Company assumed the Union Company's obligations. In February the decedent received another injury and died within the ninety days. *Held*, if the February injury was the proximate cause of the death then both companies are liable, but if the July injury was the proximate cause, then neither, since the death did not occur within the ninety days and the accident did not occur after the assumption of the liabilities by the Maryland Company.

2. ———: ———: ———: ———: ———. Where the assured has received two injuries at different times and would not have died but for the last injury, he may recover though that injury would not have proved fatal but for the first.

3. **EVIDENCE: Expert: Opinion: Conclusion.** Expert witnesses should not usurp the functions of the jury; and there is a difference between the opinion that a certain result could reasonably follow from certain facts and the expert's conclusion that such result actually did follow.

Appeal from Jackson Circuit Court.—*Hon. James H. Slover,* Judge.

AFFIRMED.

*E. W. Shannon* and *C. W. Chase,* for appellant, submitted argument.

*I. P. Dana, Hunt C. Moore* and *W. R. Thurmond,* for respondents, submitted argument.

ELLISON, J.—This action is based on a policy of accident insurance, issued to plaintiff's husband, in her favor. There was a verdict for plaintiff in the trial court, which was afterwards set aside on defendants' motion and a new trial granted. Plaintiff thereupon appealed from that order.

It appears that the defendant Union Casualty & Surety Company issued the policy in June, 1903, and that afterwards the defendant Maryland Casualty Company assumed the former company's obligations after the 31st of December, 1903. Plaintiff's deceased husband received an injury on the 15th of July, 1903, and another injury on the 15th of February, 1904. He died from the effect of one or the other or both of these injuries, on the 18th of April, 1904. The policy insured deceased: "Against bodily injuries, sustained through external, violent and accidental means, as follows: If death shall result within ninety days from such injuries, independently of all other causes, the company will pay," etc.

The petition charges the death to have been caused by both accidents, and so the evidence in plaintiff's be-

half tended to show. So far as the Maryland company is concerned, the proximate cause of the death must have existed after the time when that company's liability began, that is, after December 31, 1903. If there is an intention to hold that company liable the petition should only charge those things upon which a liability can be based. It need not, of course, plead the evidence. It would therefore be well to omit all reference to the July injury. If the injury in July was the proximate cause, that would be matter of defense. And if the injury in February was the proximate cause of the death, then both companies are liable. But if the injury in July was the proximate cause of death, then neither is liable, since death did not occur within ninety days, which is a condition of the policy. And the Maryland company would not be liable for the additional reason, already stated, that it only assumed obligations arising after December 31, 1903.

If one insured is injured, and then afterwards is again injured, and then dies within the time limited by the policy, and would not have died but for the last injury, he may recover even though the last injury would not have been fatal but for the first. Otherwise one weakened by disease or injury so as to become less able to withstand a succeeding injury which is the immediate cause of the death, would be unprotected. [Driskell v. Insurance Co., 117 Mo. App. 362.]

We have written the foregoing in view of our conclusion that there should be another trial. And in sustaining the trial court in granting a new trial we need refer to but one of the causes alleged and that refers to evidence of experts admitted over defendant's objections. The experts were asked to, and in response they did, usurp the duty of the jury in stating, in answer to hypothetical questions, what they thought caused the death. The opinion of an expert whether a certain result could reasonably follow from certain

facts assumed, is a far different thing from his conclusion that such result actually did follow. The latter is for the jury's decision and not the decision of the witness. We think the questions and answers were in the face of the decisions on that subject. [Glasgow v. Railway, 191 Mo. 361; Bragg v. Railway, 192 Mo. 331; Taylor v. Railway, 185 Mo. 239.]

The order granting a new trial is affirmed. All concur.