## 9238

### WADE, AS ADMR., v. OLIVER.

(86 S. E. 1067.)

NEGLIGENCE. PROXIMATE CAUSE. CHARGE. ISSUES. NONSUIT. DIRECTION OF VERDICT.

1. ISSUES—NONSUIT OR DIRECTION OF VERDICT.—Where there is material evidence, direct or circumstantial, sufficient to satisfy the mind and conscience of reasonable men of the truth of the facts alleged, and, when the evidence adduced may in reason have that effect, it must be left to the jury to say whether it should and does, and a motion for nonsuit or direction of verdict is properly refused.

2. MASTER AND SERVANT—INJURIES TO SERVANT—QUESTION OF FACT—NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — ASSUMPTION OF RISK.—In an action by a father for the death of his son when thrown from a construction train on defendant's track, evidence held to justify the submission to the jury of the issues of contributory negligence and assumption of risk.

3. TRIAL — DIRECTION OF VERDICT — CONTRADICTORY TESTIMONY. — In an action for death of an employee, that the testimony of some of plain-

1—103

tiff's witnesses is conflicting in itself, and with that of other witnesses for plaintiff, does not warrant the Court in taking the case from the jury.

4. CHARGE—APPEAL AND ERROR.—A proposition charged must be taken as a whole, and where the jury was fully charged as to the effect of contributory negligence when the proximate cause of an injury, an instruction that "if the injury could have been avoided, in spite of the plaintiff's negligence, by the exercise of due care on the part of the defendant, then the defendant would be liable, because that would mean that the plaintiff's negligence did not contribute to the injury because it was not a proximate cause," taken in connection with the context, and entire charge, *held*, unprejudicial.

Before WILSON, J., Greenville, April term, 1914.   Affirmed.

Action by B. G. Wade, as administrator of the estate of William Wade, deceased, against W. J. Oliver.   From judgment for plaintiff, defendant appeals.   The fifteenth request to charge was as follows:

"A man may be careless and negligent of his receiving injury, and yet his negligence may not be contributory negligence.   It may not be a direct cause or proximate, and if the injury was inflicted by the defendant without any direct help from the negligence of the plaintiff, then the defendant would still be liable; if the injury could have been avoided, in spite of the plaintiff's negligence, by the exercise of due care on the part of the defendant, then the defendant would be liable, because that would mean that the plaintiff's negligence did not contribute to the injury, because it was not proximate cause."

FOOTNOTE.—As to the respective functions of Court and jury with respect to question of proximate cause, see note Ann. Cas. 1913b, 351, 2 L. R. A. 696; as to on last clear chance and proximate cause, see *Lamb* v. *So. Ry. Co.*, 86 S. C. 114, 67 S. E. 958, 138 Am. St. Rep. 1030; *Jones* v. *C. & A. C. Ry. Co.*, 61 S. C. 556, 39 S. E. 758, and notes in 7 L. R. A. (N. S.) 132, 152, 17 L. R. A. (N. S.) 446, 27 L. R. A. (N. S.) 379, 34 A. & E. Ann. Cas. 1218d, A. & E. Ann. Cas. 1912b, 888 and 1242.

*Messrs. Cothran, Dean & Cothran,* for appellant, submit: *There was no proof of cause of injury:* 179 U. S. 658; 72 S. C. 398; 2 Labatt, M. & S., sec. 837; 78 N. W. 900; 63 N. W. 312; 44 N. E. 1054; 61 So. 753; 23 N. E. 537. *Engaging minor to do dangerous work without parent's consent:* 1 Labatt, M. & S., secs. 20, 21, 318; 83 S. C. 103, distinguished. *Assumption of risks:* 41 S. C. 388. *Charge eliminated contributory negligence as a defense:* 56 S. C. 91.

*Mr. J. Robt. Martin,* for respondent, submits: *Testimony tended to establish allegations of complaint:* 21 S. C. 103; 98 S. C. 348; 77 S. C. 73. *Defective appliances:* 51 S. C. 228. *Unsafe place:* 95 S. C. 243; 74 S. C. 306; 77 S. C. 426; 86 S. C. 305. *Overwork:* 75 S. C. 172; 83 S. C. 103. *Circumstantial evidence showing negligence:* 98 S. C. 348; 95 S. C. 313; 87 S. C. 40; 61 S. C. 495; 48 U. S. (L. Ed.) 96; 86 S. C. 304; 14 Rich. 237; 75 S. C. 334; 76 S. C. 388. *Assumption of risk a question for jury:* 71 S. C. 81. *Charge:* 61 S. C. 481; *Ib.* 354, 355. *Evidence showing wilfulness:* 81 S. C. 334; 68 S. C. 489; 90 S. C. 40; 74 S. C. 322; 94 S. C. 310. *Question for jury:* 65 S. C. 444.

November 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff recovered judgment against defendant for $1,000 damages for negligence resulting in the death of his son, a youth of sixteen years. Defendant assigns error in the refusal of his motions for nonsuit and direction of the verdict, and in charging plaintiff's fifteenth request, which will be reported.

Defendant is a railroad contractor, and was building a railroad. Wade was employed to assist in the work of removing the earth and stone—mostly broken stone—from

a cut to a fill. This was accomplished by the use of a small engine and cars—called dinky cars—which were about five feet wide and eight feet long. These ran on a temporary railroad from the cut, where they were loaded by a steam shovel, to the fill upon which the loads were dumped. Wade was a member of the dump crew, that is, one of those who rode upon the cars from the cut to the fill and dumped the loads. They were working at night. It was dark and rainy. The accident happened about three o'clock in the morning.

In addition to the above facts, which are undisputed, plaintiff adduced testimony tending to prove that the railroad was poorly built and the track was very rough—so rough that it was dangerous to ride on the cars—and that it was much rougher where the accident happened than anywhere else; that the men were ordered to ride on the bumpers between the cars, which were about fourteen inches square, and were told to stay off the engine; that it was dangerous to ride on the bumpers, but safer to ride there than on the cars, because the cars had a swing of from six to ten inches, and, on account of the road being so rough, they would sometimes swing over far enough, while the train was running, to dump the load; that the crew had been transferred from another place the afternoon before, and this was Wade's first trip over that part of the road, if not his first experience as a dump man at night; that when the cars were loaded and the signal to move was given, Wade got on the bumpers between the first and second cars from the engine, which was headed toward the fill, and was, therefore, pushing the train; that the lights were insufficient to enable the men to see how to get about and avoid danger; that none of the dump men were provided with lanterns, except the man on the forward car, and there was no other light on the train, except a lantern on the engine for the use of the engineer, and the headlight of the engine, which was obstructed by the first car, the headlight being lower than

the body of the car; that Wade took his place before· the train started, and after it had gone some distance—variously estimated by the witnesses to have been from thirty feet to as many yards—a sudden jolt was felt by those on the bumpers,—one of them said· it felt as if a car had jumped the track,—and immediately afterwards an outcry was heard. The train was stopped and Wade was found on the track under the trucks of the first car from the engine. He had been dragged from ten to fifteen feet and had received mortal injuries. Two witnesses said the trucks were off the track; another, that they were not, but were taken off in the effort to get Wade from under them.

Defendant's testimony tended to prove that Wade had some liquor the afternoon or early part of the evening of the day .before, and appeared to be under the influence of it.· The doctor, who examined him after the accident, and others, said they did not smell liquor on his breath.

From the foregoing statement of .the evidence and its tendencies, it is apparent that there was no error in 1–3 submitting to the jury the issues of negligence, contributory negligence and assumption of risk.

The fact that the testimony of some of plaintiff's witnesses was conflicting in itself and with that of other witnesses for the plaintiff is not enough to warrant the Court in taking it from the jury, whose province it is to reconcile conflicts in the testimony, if possible, and if not, to decide where lies the truth.

To be sure, a jury will not be allowed to speculate, or to find a verdict on conjecture, for Courts are moved to action only by material evidence—direct or circumstantial—sufficient to satisfy the mind and conscience of reasonable men of the truth of the facts alleged and, when the evidence adduced may in reason have that effect, it must be left to the jury to say whether it should and does. While no one saw Wade fall, the inference is natural, logical and reasonable that the jolt of the car threw him off, and that the jolt

was caused by the rough and uneven track,—which, according to the testimony, was even rougher than construction tracks usually are or ought to be, making due allowance for the fact that it was intended only for temporary use.

There was no error in charging plaintiff's fifteenth request. Only the last half of the request is quoted as the basis of exception. The proposition charged must be taken as a whole. Besides, the jury were told time and again, in the general charge, that, if the negligence of deceased contributed to his injury as a proximate cause (and that term was fully explained), plaintiff could not recover; so that, if the request was not as clear and full as it ought to have been (which is not conceded), it was not prejudicial.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE FRASER, *dissenting*. I can not concur in overruling the fifth exception. It seems to me that the charge complained of eliminated contributory negligence under *Cooper* v. *G. N. & C. Ry. Co.*, 56 S. C. 91, 24 S. E. 16.