## 9716

### GOBBEL v. COLUMBIA RY., GAS & ELECTRIC CO.

#### (93 S. E. 137.)

1. TRIAL—DIRECTION OF VERDICT OR NONSUIT—SUFFICIENCY OF EVIDENCE.
—Where there is no evidence sufficient to warrant a reasonable jury in returning verdict for plaintiff, a nonsuit or directed verdict should be granted, or, when the evidence is susceptible of only one reasonable inference, the Court must decide what such inference is as matter of law, if the evidence is insufficient to base verdict on.

2. TRIAL—DIRECTION OF VERDICT OR NONSUIT.—A trial Judge can order nonsuit or direct a verdict either on his own motion or on motion made by the attorneys in the case.

3. FRAUD—EVIL INTENT—QUESTION FOR JURY.—In an action for damages for fraud and deceit committed in procuring a contract for labor to be performed by defendant, whether there was an evil intent on defendant's part, or whether it acted in good faith, *held* for the jury under the evidence.

4. APPEAL AND ERROR—NONSUIT—GROUNDS NOT RAISED BELOW.—An order of nonsuit cannot be sustained on grounds additional to those on which it was granted.

Before SHIPP, J., Columbia, December, 1916.   Reversed.

Action by A. L. Gobbel against the Columbia Railway, Gas & Electric Company.   From an order of nonsuit, plaintiff appeals.

*Messrs. A. M. Deal* and *Graydon & Graydon,* for appellant, cite: *As to motion for nonsuit:* C. C. Rule 18; 63 S. C. 559; 55 S. C. 450; 80 S. C. 460.   *Order not to be sustained on additional grounds:* 78 S. C. 127.   *Fraudulent misrepresentations:* 20 Cyc. 44, 91 and 86, 87; 9 Rich. L. 300; Bigelow Frauds, secs. 2 and 3; 128 U. S. 383; 1 Strob. L. 220; 105 Fed. 573; 85 Fed. 740; 73 Fed. 994; 34 Fed. 628.   *Liability of corporations:* 12 Cyc. 117; 83 S. C. 427; Bigelow Frauds, p. 513.   *Estoppel:* Bigelow Frauds, p. 57; 20 Cyc. 124; 80 U. S. 456.   *Nonsuit:* 199 N. Y. 314; 92 N. E. 670; 20 A. & E. Ann. Cas. 910.

*Messrs. Wm. Elliott & R. B. Herbert,* for respondent, cite: *As to fraud and deceit in the procurement of contracts:* 10 Rich. L. (44 S. C. L.) 311; 96 S. C. 241; 70 S. C. 108; 91 S. C. 424; 186 S. W. 836; 112 N. E. 824; 183 S. W. 1123; 158 N. Y. S. 844; 23 S. C. 171. *Rule:* 99 S. C. 401; 100 S. C. 1; 3 McC. 85. *Condition to rescind:* 55 S. C. 508; 97 S. C. 34.

June 30, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant for damages for fraud and deceit alleged to have been committed by the defendant in procuring a contract for labor to be performed by the defendant. The cause was tried before Judge Shipp, and a jury, at the Fall term of Court, 1916, for Richland county, and at the close of plaintiff's testimony of his own motion his Honor granted a nonsuit on the ground that there was no evidence of fraud and deceit. After entry of judgment, plaintiff appeals.

Exceptions 1, 2, 3, 4 and 5 raise substantially the same question, and will be considered together. These exceptions challenge the correctness of his Honor's decision that there was not sufficient evidence of fraud and deceit to send the case to the jury, and allege that he was in error in granting the nonsuit.

Where there is no evidence in a case sufficient to warrant a reasonable jury in basing a verdict upon, a nonsuit or a directed verdict should be granted, or when the evidence is susceptible of only one reasonable inference, the Court must decide what that inference is as a matter of law. if it is insufficient to base a verdict upon. *Howell* v. *Railway,* 99 S. C. 417, 83 S. E. 639; *Wade, as Adm'r, etc.,* v. *Oliver,* 103 S. C. 1, 86 S. E. 1067. A Judge

can do this either on his motion or upon a motion made by attorneys in the cause. We think that his Honor was in error in granting the nonsuit.

The plaintiff's contention is that there was evil intent on the part of the defendant. The contention of the defendant is that there was no evil intent on their part, and they changed their minds, as they had a right to do.

Under the testimony in the case it should have been submitted to the jury whether there was evil intent on the part of the defendant, or whether the defendant acted in good faith. There was evidence in the case as to fraud, deceit, and evil intent on the part of the defendant, where more than one inference could be deduced, and it was the duty of the Court to submit the case to the jury.

Defendant seeks to sustain the nonsuit on additional grounds to those on which it was granted. This cannot be done. *Kennedy* v. *City of Greenville,* 78 S. C. 127, 58 S. E. 989.

The order of nonsuit appealed from is reversed.