14936

HUTCHINSON v. A. K. BROWN MOTORS, INC.

(4 S. E. (2d), 268)

November, 1938.

Mr. W. Stokes Houck, for appellant

Messrs. Dalziel & Whitehead, for respondent.

August 18, 1939.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This appeal involves the rights of the mortgagee to take possession of a mortgaged chattel when the condition of the mortgage shall have been broken.

According to the record, respondent, on November 15, 1937, executed and delivered to appellant, to secure a portion of the purchase price of a Ford roadster, a chattel mortgage for $65.00. This mortgage provided for weekly installment payments of $4.00. It seems that only $5.00 was paid on this mortgage, the last payment having been made on November 18th.

It seems that there was a discussion between the parties as to the condition of the purchased automobile, and that respondent warned appellant not to take possession of the car under the chattel mortgage without claim and delivery process.

On December 24, 1937, the condition of the mortgage having been broken, when there was no one at respondent's home, and when demand for the past-due payments had been made and refused, the appellant through its agents, went to respondent's home and found the automobile in the yard. They took possession of it and towed it to appellant's place of business at Lake City, several blocks away from the residence of respondent. No force whatever was used in the taking. Neither respondent nor anyone else was present when the car was taken.

Respondent then filed this suit, charging an unlawful taking, breach of the peace and conversion. The complaint prayed for damages in the sum of $1,500.00. Verdict was rendered by the jury for respondent in the sum of $50.00. And from judgment entered thereon this appeal is prosecuted.

One of the exceptions charges the trial Judge with error in refusing appellant's motion for a nonsuit. It is our opinion

that, following the authorities of this jurisdiction, the motion for nonsuit should have been granted.

This case seems to be controlled by the opinions of this Court in the cases of *Willis v. Whittle*, 82 S. C., 500, 64 S. E., 410; and *Justus v. Universal Credit Company*, 189 S. C., 487, 1 S. E. (2d), 508.

In the case of *Willis v. Whittle, supra,* it appeared that there was a chattel mortgage covering a horse, the conditions of which mortgage had been broken. When the agent of the mortgagee went to the home of the mortgagor to take the horse the mortgagor was absent. However, his wife stated to the agent that her husband had instructed her to object to the taking of the horse and accordingly she did object. Nevertheless the agent went to the stable, took the horse and carried her away. This Court held that there was no breach of the peace, that the mortgagee had the right to enter upon the premises to take the property; that he did so in an orderly manner and hence was not a trespasser.

"It is well settled", said this Court, "that, after condition broken, the legal title to mortgaged chattels vests in the mortgagee. The right of the mortgagee to seize mortgaged chattels after condition broken is a license coupled with an interest, which cannot be revoked by the mortagor. It is a part of the consideration of the mortgage, and to allow the mortgagor to revoke it would be a fraud upon the rights of the mortgagee, and would very much impair the value of chattel mortgages as securities. The right to seize carries with it by necessary implication the right to do whatever is reasonably necessary to make the seizure, including the right to peaceably enter upon the premises of the mortgagor."

"There is one restriction, however," said this Court, "which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if the mortgagee finds that he cannot get possession without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more

importance to society than the right of the owner of a chattel to get possession of it."

The facts in the case of *Justus v. Universal Credit Co., supra,* were almost identical with those in the *Willis v. Whittle case,* except that in the *Justus case* the mortgagor tendered the amount due provided the chattel mortgage was produced by the mortgagee for cancellation. The mortgage was not produced, the car was taken by the aents of mortgagee, and in this the Court held that they acted unlawfully.

"As hereinbefore stated,"·said this Court (189 S. C., 487, 1 S. E. [2d], 511), "the trial Judge granted the nonsuit upon the doctrine of the case of *Willis v. Whittle, supra,* holding that the instant case is on 'all-fours' with the *Whittle case.* It is true in this case the repossession was against the protests of the mortgagor, with the demand that repossession be had through claim and delivery proceedings, and, as in the *Whittle case,* the repossession occurred in the absence of the mortgagor without a breach of the peace, *such that if there were nothing else to consider, this case would be entirely governed by the Whittle case.* However, in the instant case a tender of the amount due was made, provided the chattel mortgage was produced for cancellation." (Italics ours.)

It seems clear, therefore, that in the case now before us, there being "nothing else to consider," we are governed by the principles of the *Whittle case,* and that the nonsuit should have been ordered.

It is only fair to the trial Judge to state that the opinion in the *Justus case* was not announced until after the trial herein before him.

It is ordered that the judgment herein be set aside, that this case be remanded to the Court below with instructions to enter judgment for appellant.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.