## 17658

George M. WILLIAMS, Adm'r, Appellant, v. Carol CLINTON and Mrs. Virginia Clinton Clark, Respondents

(114 S. E. (2d) 490)

*Messrs. Henderson, Salley & Cushman,* of Aiken, *for Respondents,*

*Messrs. Williams & Busbee,* of Aiken, *for Appellant,*

May 13, 1960.

TAYLOR, Justice.

This appeal arises out of an action brought in the Court of Common Pleas for Aiken County seeking damages for the wrongful death of a minor.

The case came on for trial before the Honorable James M. Brailsford, Jr., presiding Judge, who at the close of the testimony granted defendants' motion for a directed verdict, and plaintiff appeals contending, first, that the testimony was susceptible of the reasonable inference that the death of plaintiff's intestate was brought about as the direct and proximate result of the negligence of defendant, Carol

Clinton, and, second, that the jury might have concluded from the evidence that the defendant, Carol Clinton, was traveling at an excessive rate of speed, to the left of the center of the road, without maintaining a proper lookout.

At the time defendant was proceeding along a 22-foot-wide hard surface road, going 30 to 35 miles per hour in a 35 mile per hour zone, with part of her car slightly to the left of the center of the roadway and with two other girls sitting on the front seat. As she approached the spot where a drive or roadway entered the road from her right, there was a hedge more than head high beginning within a foot of the highway and extending therefrom approximately "a hundred or two feet" back from the highway. From this driveway on the opposite side of the hedge from which defendant was approaching, deceased, a boy ten years of age, riding a bicycle, suddenly entered the highway, followed by his dog, in such manner that one of the witnesses testified he "zoomed" out into the highway directly in front of the car, was struck by the oncoming car before the driver could apply the brakes. A dent was found in the left front fender. A scar in the roadway was found approximately 13 feet from the right edge of the road. The bicycle was lying 50 feet south of the intersection and the car stopped 145 feet from the intersection. The first brake marks were 50 feet south of the intersection.

Plaintiff relies principally upon the evidence that the collision occurred slightly to the left of the center of the road and contends that the driver of the car was therefore negligent in not driving on the right side of the road in violation of Section 46-388(2), Code of Laws of South Carolina, 1952, which provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"(1) * * *

"(2) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing;"

Plaintiff in his complaint does not charge violation of the foregoing Section of the Code as a specification of negligence, and there is no evidence that the unimproved intersecting road is publicly maintained. See *Carma v. Swindler*, 228 S. C. 550, 91 S. E. (2d) 254. Plaintiff in his brief also cites Section 46-383, Code of Laws of South Carolina, 1952, which relates to the passing of vehicles proceeding in the opposite direction to sustain his position, but there was no evidence of an approaching vehicle.

In passing upon a motion by defendant for a directed verdict, the testimony must be viewed in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn or if the inferences to be drawn from the testimony are in doubt, the case should be submitted to the jury. *Lineberger v. City of Greenville*, 178 S. C. 47, 182 S. E. 101; *Lynch v. Pee Dee Express, Inc.*, 204 S. C. 537, 30 S. E. (2d) 449; *Spencer v. Kirby*, 234 S. C. 59, 106 S. E. (2d) 883.

In *Waring v. South Carolina Power Co.*, 177 S. C. 295, 181 S. E. 1, 5, citing *Turner v. American Motorists Ins. Co.*, 176 S. C. 260, 180 S. E. 55, the Court stated:

" 'The appellant labors under the erroneous idea that the Supreme Court has overruled the pronounced principle, to wit, if there is any relevant testimony, amounting to a scintilla, it must be left to the jury to determine its force and effect. The meaning of the rule is that there must be some evidence arising out of the testimony which elucidates the issues of fact, and which enables the jury to form an intelligent conclusion. It does not authorize the admission of speculative, theoretical, and hypothetical views. It does not set aside the rule of force in this state relating to *res ipsa loquitur*, which doctrine does not prevail in the state. * * * Whilst adhering to the scintilla rule, this court has recognized a rule supplemental to the scintilla rule, which is thus propounded in the case of *National Bank v. Thomas J. Barrett, Jr., & Co.*, 173 S. C. 1, 174 S. E. 581, 582: "If it be conceded that there may be deduced by a process of

unusual finesse of reasoning that there is a scintilla of evidence * * * nevertheless there is another rule, more founded upon common sense and reason, to the effect that when only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the Court, and not a question of fact for the jury." '

"He concludes by stating: 'This declaration is but to say that the scintilla of evidence upon which a case should be sent to the jury must be real, material, and pertinent and relevant evidence, not speculative and theoretical deductions.' "

Plaintiff relies considerably upon *Spencer v. Kirby, supra.* There is little similarity in the two cases.

There was uncontradicted testimony in *Spencer v. Kirby* that defendant was traveling at the rate of 100 miles or more per hour, while there is a complete lack of evidence of speed or negligence on the part of defendant, Carol Clinton, in this case, unless as plaintiff contends the following warrants such conclusion: (1) The physical evidence indicated deceased was struck prior to the application of the brakes to the left of the center of the highway, (2) the car traveled approximately 145 feet before being brought to a stop, and (3) a neighbor, approximately 300 yards from the accident, heard the crash.

In the face of the uncontradicted evidence heretofore related, we are of opinion that the trial Judge was correct in his finding that the sole proximate cause of the collision was the boy riding suddenly from behind the hedge into the highway immediately in front of the oncoming car, that all exceptions should be dismissed, and the judgment of the Court affirmed.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.