17689

Donald RICHARDSON by Guardian ad litem, M. L. Richardson, Respondent, v. PILOT LIFE INSURANCE COMPANY, Appellant

(115 S. E. (2d) 500)

*Messrs. Willcox, Hardee, Houck & Palmer* and *W. Laurier O'Farrell,* of Florence, *for Appellant,*

*Messrs. Yarborough & Nettles,* of Florence, *for Respondent,*

July 28, 1960.

TAYLOR, Justice.

This appeal arises out of suit brought to recover benefits under a scholastic accident insurance policy covering students, teachers, administrators, and clerical employees of School District No. 1 of Florence County, the pertinent provisions of which are:

"If any person, as a result, directly and independently of all other causes, of bodily injuries caused by an accident occurring while insured hereunder and while

"(1) attending school during the hours and on the days when school is in session;

\* \* \*

"(which injuries are herein called 'such injuries') shall suffer \* \* \* or shall incur expenses for hospital confinement, x-ray examination, professional ambulance service, or the services of a physician, dentist or Registered Nurse com-

mencing within thirty days and occurring within twelve months following the date of the accident causing such injuries, * * *"

The complaint alleges that plaintiff, while attending Harlee School in the City of Florence, slipped and fell, causing an injury to his leg which resulted in his incurring expenses for hospitalization and an operation in the amount of $287.23. Defendant filed a general denial, admitting only the issue of the policy and prayed reference to the policy for its exact terms.

The testimony shows that on March 5, 1958, plaintiffs' right leg was in a cast and he was using crutches at the time due to having previously fractured his leg on February 23, 1958; that on this date while attending school he went to the washroom in preparation for lunch and while there his crutch slipped causing him to lose his balance and "my foot hit a bump in the floor." Shortly thereafter, he was admitted to McLeod's Infirmary where an open reduction was done to his leg to repair the damaged tibia and fibula.

The defendant moved for a nonsuit on the ground that the testimony disclosed conclusively that at the time of the accident of March 5, plaintiff had his leg in a cast as a result of the February 23 accident and that, therefore, the second accident was not an accident directly and independent of all other causes because the condition of his leg created by the first accident was a cause of the treatment and expenses incurred by the second accident. This motion was refused. At the conclusion of the testimony, defendant moved for a directed verdict on the same ground and this motion was denied and the case submitted to the jury. By agreement, the jury was instructed to find for plaintiff or defendant without regard to the amount should they find for the plaintiff. The jury found for plaintiff and defendant moved for Judgment N. O. V. which was also refused and defendant appeals.

In passing upon the motion for Judgment N. O. V., the Trial Judge stated the issue as being: "That the evidence

conclusively proves that the plaintiff's injury of March 5, 1958, and the ensuing expenses did not result directly and independently of all other cause in that the injury of February 23, 1958, was a contributing cause."

Donald Richardson, the injured child, testified:

"Q. Now, you stated you had a cast on your leg when you went down to the washroom? A. Yes, sir.

"Q. Was the cast on your leg giving you any trouble? A. No, sir.

* * *

"Q. Donnie, when you went to Dr. Dawson the first time, did he set your leg? A. Yes, sir.

* * *

"Q. Did the doctor put a cast on you? A. Yes, sir.

"Q. After he put the cast on and after you went to see him, did you have any more trouble with it until you fell in the washroom? A. No, sir."

Dr. George R. Dawson, defendant's witness, testified:

"A. Hardly, you couldn't break a leg, or you would not break a leg if you had a normal bone and you just let a crutch slip out there, assuming you were on crutches and a normal bone and you just put your weight on the leg, presumably not.

"Q. On March 5, 1959, what was the condition of the healing process by March 5th? A. Well, that was only, as you know, sir, that was only 12 days less than that, February 23, only about ten days after the accident and nature hadn't formed much glue around this oblique fracture, and of course it was susceptible to a strain or slip with any pressure.

* * *

"Q. Now, doctor, regardless of the degree of the fall and the slipping, would he have had any trouble with his leg if he hadn't of slipped in the washroom on that occasion? A. Apparently not.

"Q. His recovery would have been uneventful? A. Probably so."

It must be noted that in instant case plaintiff does not seek to recover for disability but seeks to recover for certain expenses to which plaintiff was put in securing treatment for the March 5 injury.

In *Kilgore v. Reserve Life Insurance Company,* 231 S. C. 111, 97 S. E. (2d) 392, the policy insured "against loss * * * resulting directly and independently of all other causes from accidental bodily injury sustained * * *." In that case, plaintiff was injured when he slipped upon a wet floor. Defendant contended that plaintiff's arthritic pre-existing condition was a contributing cause; therefore, the loss was not directly and independent of all other causes. This contention was rejected, the Court stating:

"In order to recover under a policy of this kind, the law does not require that the insured be in perfect health at the time an accident occurs. *Graham v. Police & Firemen's Ins. Ass'n,* 10 Wash. (2d) 288, 116 P. (2d) 352. In *Silverstein v. Metropolitan Life Ins. Co.,* 254 N. Y. 81, 171 N. E. 914, 915, Chief Judge Cardozo said: 'A policy of insurance is not accepted with the thought that its coverage is to be restricted to an Appolo or a Hercules.'

"In *Langeberg v. Interstate Business Men's Acc. Ass'n,* 57 S. D. 226, 231 N. W. 930, insured, a carpenter, received a blow on his abdomen as a result of a fall. Immediately thereafter and for some time, he suffered from stomach hemorrhages. It was shown that he had a pre-existing gastric ulcer. In holding that it was a question for the jury as to whether loss of time resulted from the accidental injury 'independent of all other causes', the Court said:

"It is to be kept in mind that this is an action to recover, not for death, but for loss of time resulting from the accident. Even if a gastric ulcer existed, it had caused plaintiff no inconvenience up to the time of the accident; he had no reason to even suspect it existed. But for the accident he might have gone on working as before, unaware of the ulcer until death overtook him from a natural cause entirely dis-

associated from the ulcer. Had it not been for the accident he might have lived out his life and never lost any time from work. With that possibility may it not be said that the accident was the sole cause of the loss of time resulting from the injury?' "

See also, 45 C. J. S., Insurance, § 756, page 785; and *Baehr v. Union Casualty Co. et al.,* 133 Mo. App. 541, 113 S. W. 689, where we find:

"* * * If one insured is injured, and then afterwards is again injured, and then dies within the time limited by the policy, and would not have died but for the last injury, he may recover even though the last injury would not have been fatal but for the first. Otherwise one weakened by disease or injury so as to become less able to withstand a succeeding injury which is the immediate cause of the death would be unprotected. * * *"

The facts in the foregoing cases are not on all fours with those of instant case, but the logic and reasoning therein are persuasive here.

In passing upon a motion by defendant for a directed verdict, the testimony must be viewed in the light most favorable to plaintiff, and if more than one reasonable inference can be drawn or if the inferences to be drawn from the testimony are in doubt, the case should be submitted to the jury. *Lineberger v. City of Greenville,* 178 S. C. 47, 182 S. E. 101; *Lynch v. Pee Dee Express, Inc.,* 204 S. C. 537, 30 S. E. (2d) 449; *Spencer v. Kirby,* 234 S. C. 59, 106 S. E. (2d) 883; *Williams v. Clinton,* S. C., 114 S. E. (2d) 490. The doctor testified that in his opinion recovery from the first injury would have been uneventful. It, therefore, was a question for the jury whether the expense of hospitalization and operation would have been incurred had it not been for the slipping in the washroom on March 5.

Defendant also contends that the Court erred when it failed to charge that in order for plaintiff to recover, the accident must be the sole proximate cause

of the injury for the reason that under the exclusions appearing in the policy is the following:

"No payment of any kind shall be made for injury, death or any other loss caused, wholly or partly, directly, or indirectly, by

\* \* \*

"(3) disease or bodily or mental infirmity, or by medical or surgical diagnosis or treatment thereof \* \* \*"

The answer of defendant as heretofore stated was a general denial and the exclusion was not pleaded as a bar to recovery. Defendant's motion for directed verdict was upon the theory that had it not been for the weakened condition of the leg caused by the accident of February 23, the accident of March 5 would not have occurred, and counsel for defendant stated that in his opinion where recovery was sought under policy requiring injury to be directly and independent of all other causes, such injury must of necessity be the sole proximate cause.

At the conclusion of the charge when counsel was asked if there was anything further, defendant stated: "We would just like to note an exception to the entire charge relating to proximate cause, \* \* \*" The charge was to the effect that the defendant's denial placed upon plaintiff the burden of proof of establishing by the greater weight or preponderance of the evidence that plaintiff did sustain an accident during school hours and sustained injuries independent of all other causes; that they should consider whether or not plaintiff has established by the same burden of proof that the injuries sustained and resulting hospitalization and doctors' bills were caused by an accident independent of all other causes, which is the language set out in the policy.

Chapter 10 of Title 15, Code of Laws of South Carolina, 1952, establishes the Civil Court of Florence. Section 15-1612, Code of Laws of South Carolina 1952, provides: "The same forms of pleading and the same rules of practice and evidence shall obtain in the civil court as are provided by

law for the conduct and trial of civil cases in the circuit courts."

Rule 11 of the Rules of Practice for Circuit Courts of South Carolina, Volume 7, Code of Laws of South Carolina 1952, 1959 Cumulative Supplement, Page 42, provides:

"Before the argument of the case commences the counsel on either side shall submit to the Court in writing such propositions of law as they propose to rely on, which shall constitute the request to charge: Provided, however, That nothing herein contained shall prevent either counsel at the close of the argument from submitting such additional requests as may be suggested by the course of the argument, * * *"

It is apparent that no written request to charge that before recovery could be had, the injury of March 5 must be the sole proximate cause of the subsequent hospitalization and doctors' bills was submitted to the Court prior to argument, and no oral request to so charge was made either before or after argument. Reference was made thereto during counsel's argument of motion for a directed verdict, but no request was made as set forth in Rule 11, heretofore referred to.

For the foregoing reasons, we are of opinion that all exceptions should be overruled and the judgment appealed from affirmed; and it is so ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.