17829

UNIVERSAL C. I. T. CREDIT CORPORATION, Respondent, v. Bertha PLATT, Appellant

(121 S. E. (2d) 351)

*H. T. Abbott, Esq:,* of Conway, *for Appellant,*

*Messrs. Burroughs & Green,* of Conway, *for Respondent,*

August 28, 1961.

TAYLOR, Chief Justice.

This appeal from the County Court of Horry County arises out of an action brought for a deficiency judgment under a conditional sales contract.

The complaint alleges the contract, default therein, the repossession and sale of the truck and the deficiency result in the amount of $193.10, which is sought plus attorneys' fees.

The answer admits the purchase of the truck under the contract of sale but denies that it was sold for the best price obtainable or that it was repossessed and further denies that there was owing the amount claimed and attorneys' fees. For a further defense, by way of counterclaim, it is alleged that plaintiff converted the truck to its own use by its sale on or about July 15, 1955, after having agreed to extend the time of payment for a period of thirty days. For a third defense, defendant alleges that conversion and sale of the truck barred her equity of redemption and thereby

extinguished plaintiff's lien, and that the truck was sold for less than its actual value.

Plaintiff by way of reply to the counterclaim admitted the extension of thirty days but denied a sale in July, 1955, alleging that the extension was granted April 8, 1955, and the sale was on June 16, 1955, after notice was mailed to defendant by certified mail and delivered to her on June 10, 1955.

Defendant moved for a nonsuit at the end of plaintiff's testimony, and plaintiff moved for a directed verdict when all testimony had been completed. Both motions were refused and the case submitted to the jury who returned a verdict for the defendant in the sum of $500.00, actual damages, and $1,000.00, punitive damages. Plaintiff thereupon moved for judgment *non obstante veredicto,* or, in the alternative, for a new trial.

The Presiding Judge by Order of June 20, 1960, granted plaintiff's motion for judgment *non obstante veredicto* in the amount of $220.00, together with costs; and defendant now appeals, contending, first, that the trial Judge erred in granting plaintiff's motion for judgment *non obstante veredicto* in that the testimony raised issues of fact for the jury.

Defendant purchased the truck in question from Hunter Auto Sales, Inc., of Conway, South Carolina, in 1954. Subsequent thereto, in 1955, she became delinquent in her payments under the contract which had been sold by the Hunter Auto Sales, Inc., to Universal C. I. T. Credit Corporation.

After being contacted concerning the overdue payments, defendant delivered the truck, through her son, to the Hunter Auto Sales, Inc., whose storage receipt bears the date April 8, 1955.

Mr. Hunter testified he attended the sale on June 16, 1955, at which time Universal C. I. T. Credit Corporation bid the truck in for $160.00 then sold it to him for $300.00,

with the defendant being given credit for $300.00, less $3.00 expense of sale.

The notice of sale introduced into the record was dated June 9, 1955, with notice that the truck would be sold at 3 P. M., on June 16, 1955, at Hunter Auto Sales, Conway, South Carolina. Attached to the notice of sale is a certified mail receipt, postmarked as being received June 10, 1955, by Mrs. Bertha Platt. On the back of the notice of sale was the certificate of Deputy Sheriff D. P. Small that the truck was sold at public auction at 3 P. M., June 16, 1955, to Universal C. I. T. Credit Corporation for the sum of $160.00.

Defendant testified that after she became delinquent in payments she sent the truck in by her son, Robert, in May but could not remember the exact date. When questioned about the thirty day extension, she stated, "Seems like it was June or July, I don't remember" but it was about a week before her son, Robert, had difficulty with his wife. She identified her signature on the answer but refused to identify the signature on the return receipt as being hers but would not state it was not her signature.

The son, Robert, testified he brought the truck in to the Hunter Auto Sales, Inc., the first or second week in May and then came back three weeks to a month later and got a thirty day extension. Later he testified that the thirty day extension was granted on the 9th or 10th of July and related this date to the difficulty he had with his wife. Thus there appears a contradiction in his own testimony as to the time the thirty day extension was granted. He further testified that Mr. Hunter told him on July 9th or 10th, "they were fixing to sell it." The record reveals that the truck was sold on June 16th.

If the date April 8th appearing on the storage receipt of Hunter Auto Sales, Inc., is correct as to the time when the truck was stored, three weeks thereafter, the time he contends he obtained the thirty day extension, or approxi-

mately April 29th, would be the date of his request for a thirty days extension, and thirty days thereafter would be May 29th. The return receipt from the notice of sale sent the defendant bore the date of June 10th as the date she received such notice. The return of the deputy sheriff on the back of the notice of sale revealed that the truck was sold on June 16. It is apparent, therefore, according to these exhibits, the authenticity of which is not questioned, that the truck was not sold within the thirty day extension period as contended by defendant.

The witness was testifying without records or memorandum but from memory only of what transpired approximately four years previously, and it is not surprising that discrepancies would appear. Such testimony, being vague and indefinite and at times contradictory, was considered by the trial Judge as being without probative value in the face of forceful evidence to the contrary. The trial Judge concluded that there is no denial of the indebtedness in the testimony and that "the only reasonable inference to be drawn from all of the testimony is that the plaintiff is entitled to recover from the defendant the sum of One Hundred Ninety-three and 10-100 ($193.10) Dollars, together with attorneys' fees in the amount of Twenty-eight and 96-100 ($28.96) Dollars as provided in the contract, amounting in the whole to the sum of Two Hundred Twenty-two and 06-100 Dollars ($222.06)."

When only one reasonable inference, not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury, *Williams v. Clinton,* 236 S. C. 373, 114 S. E. (2d) 490; *Cannon v. Motors Ins. Corp. et al.,* 224 S. C. 368, 79 S. E. (2d) 369; *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667; *Fuller v. Bailey,* 237 S. C. 573, 118 S. E. (2d) 340; *West v. Sowell,* 237 S. C. 641, 118 S. E. (2d) 692; the court must decide what that inference is as a matter of law, *How-*

*ell v. Atlantic Coast Line R. R. Co.,* 99 S. C. 417, 83 S. E. 639; and a judge can do this on his own motion or upon motion of attorneys in the cause, *Gobbel v. Columbia Ry., Gas & Electric Co.,* 107 S. C. 367, 93 S. E. 137.

■ Defendant next contends that the trial Judge erred in granting judgment *non obstante veredicto* upon a ground not relied upon by plaintiff in its motion for a directed verdict and cites *Standard Warehouse Co. v. Atlantic Coast Line R. Co.,* 222 S. C. 93, 71 S. E. (2d) 893; *Gleaton v. Southern Ry. Co. et al.,* 208 S. C. 507, 38 S. E. (2d) 710; Rule 79 of the Rules of the Circuit Court, to the effect that a motion for judgment *non obstante veredicto* simply refers to the point in the trial when the motion was made for directed verdict and limits it to those grounds.

An examination of the motion reveals that in stating the motion, plaintiff moved "for a directed verdict upon the grounds that in all the testimony there is no denial of the indebtedness due * * * taking everything they say as true, that under the complaint, we are entitled to a directed verdict and if anything the issues raised by the counter-claim would be issues for the jury." Given a broad meaning, it is a reasonable construction that the ruling that the indebtedness had not been denied, that the balance due had not been paid within the thirty day extension, and that under the contract plaintiff was entitled to a directed verdict as the truck was not sold within the thirty day extension period was not beyond the contemplation of the motion.

For the foregoing reasons we are of opinion that all exceptions should be dismissed and the judgment appealed from affirmed; and it is so ordered. Affirmed.

OXNER, Moss and LEWIS, JJ., and J. B. NESS, Acting Justice, concur.