18127

GENERAL MOTORS ACCEPTANCE CORPORATION, Respondent,
v. Thornwell W. HENSON, Appellant

(133 S. E. (2d) 798)

*Harley L. Wooten, Esq.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

December 2, 1963.

LEWIS, Justice.

The defendant signed, as surety, a defendant's redelivery bond in claim and delivery proceedings instituted by the plaintiff for the repossession of an automobile. Judgment was entered in that action in favor of the plaintiff and this action was then instituted against the defendant to recover, under the bond, damages allegedly sustained by reason of the depreciation in value of the automobile during the pendency of the claim and delivery action. Upon the trial of this case and at the conclusion of the testimony, the lower court held, upon proper motion, that the testimony conclusively showed that the automobile in question had depreciated in value in the amount of $2,400.00, and directed a verdict in favor of the plaintiff for that amount. From such judgment, the defendant has appealed. Our sole inquiry is whether the trial judge, under the testimony, properly withdrew the case from the jury and directed a verdict for the plaintiff.

It is well settled that, in passing upon a motion for a directed verdict, the testimony and all reasonable inferences arising therefrom must be viewed in the light most favorable to the party opposing the motion and, if more than one reasonable inference can be drawn from

the testimony or the inferences to be drawn therefrom are in doubt, the case should be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer for the jury but one of law for the court. *Owens v. South Carolina State Highway Dept.,* 239 S. C. 44, 121 S. E. (2d) 240; *Universal C. I. T. Credit Corp. v. Platt,* 239 S. C. 103, 121 S. E. (2d) 351.

The plaintiff held a conditional sales contract covering a 1957 model automobile owned by one Donald H. Newton. Upon default on the contract, claim and delivery proceedings were instituted by the plaintiff in December, 1957, for the repossession of the vehicle. Newton promptly filed a redelivery bond in the amount of $6,500.00, with two sureties, one of whom was the defendant, and thereby retained possession of the property during the pendency of the action. On or about April 15, 1960, approximately twenty-nine months after the bond was filed, judgment was entered in the claim and delivery action in favor of the plaintiff for the possession of the automobile, or in the event possession could not be had, then for its value in the sum of $3,250.00. The automobile was promptly delivered to the plaintiff pursuant to the foregoing judgment and, after due advertisement, was sold at public auction on June 10, 1960, to the plaintiff for the sum of $650.00, being the highest bid therefor. Subsequently, the plaintiff was able to sell the automobile at a private sale for $850.00.

After the foregoing sale, this action was instituted by the plaintiff. In his answer, the defendant, in addition to a denial of the material allegations of the complaint, alleged that the automobile had been surrendered to the plaintiff within a reasonable time after judgment in the claim and delivery action in substantially the same condition as it was when the defendant signed the redelivery bond; that the sale of the automobile was not held at the time advertised, thereby preventing the vehicle from bringing its true value; and that any depreciation in value of the automobile was offset by repairs made thereon during the period in question.

Section 10-2510 of the 1962 Code of Laws provides that a defendant's redelivery bond in claim and delivery proceedings shall be conditioned for the payment to the plaintiff of "damages suffered on account of depreciation in value of the property pending the determination of the action." It is conceded that the present bond imposed such liability. Since the plaintiff sought to establish liability of the surety for such depreciation, the basic issues before the lower court related to whether the automobile in question had depreciated in value during the pendency of the claim and delivery action and, if so, in what amount.

*Depreciation in value,* within the meaning of Section 10-2510, means depreciation in the fair market value of the property involved. This depreciation is to be determined by the difference between the fair market value of the property at the time of the filing of the redelivery bond and its fair market value at the time of its redelivery to the plaintiff. In the present case, this would mean the difference in the value of the automobile in December, 1957, when the redelivery bond was filed, and its value in April, 1960, approximately twenty-nine months later, when it was redelivered to the plaintiff after the judgment in the claim and delivery action.

It was conceded in the trial of this case that the value of the automobile at the time of the filing of the redelivery bond in December, 1957, was fixed by the verdict in the claim and delivery action at $3,250.00. Since the foregoing was conceded, the only remaining question concerned the value of the automobile at the time of its redelivery to the plaintiff in April, 1960; for the difference, if any, between the two values would represent the amount which plaintiff would be entitled to recover as depreciation.

The lower court directed a verdict for the plaintiff for the sum of $2,400.00. This figure represented the difference between the value of the automobile at the time of the filing of the redelivery bond, conceded to be $3,250.00, and the sum of $850.00 which was found to be the value of the

vehicle at the time of its redelivery to the plaintiff in April, 1960.

We think that the lower court correctly disposed of the issues in the case. The conditional sales contract held by the plaintiff authorized the sale of the mortgaged property at public or private sale. After the judgment in the claim and delivery action, the property was sold at public sale pursuant to the provisions of Section 45-164 of the 1962 Code of Laws, at which the plaintiff entered the highest bid of $650.00. Later, the plaintiff sold the vehicle at private sale for the sum of $850.00. Testimony was introduced at the trial by the plaintiff relative to the foregoing sales, together with testimony that the amount realized for the automobile was a fair price therefor. The only testimony offered by the defendant was that of himself and his co-surety, both of whom stated that they did not know the value of the vehicle. Therefore, the only testimony of any probative value, relating to the value of the property in April, 1960, was that introduced by the plaintiff. The highest value, inferable from the entire record, on that date was the sum of $850.00. This value was used, agreeably to the plaintiff, by the trial court in arriving at its decision, and the defendant has no ground for complaint. Therefore, the question of the value of the automobile became one of law for the court, and a verdict was properly directed for the plaintiff.

The defendant has challenged the regularity of the public sale of the automobile and the admissibility of testimony thereabout. Since it was agreed by plaintiff that the value of the property should be fixed in excess of the price realized at the public sale, it is unnecessary for us to determine these questions. This testimony was clearly given no weight in determining value.

Affirmed.

TAYLOR, C. J., and MOSS, BUSSEY, and BRAILSFORD, JJ., concur.