18319

FIRST NATIONAL BANK OF SOUTH CAROLINA, Respondent, v. Clarence David WADE, Appellant

(141 S. E. (2d) 102)

*Charles W. McTeer, Esq.,* of Chester, *for Appellant,* 

*Messrs. William A. Dallis* and *Cooper, Gary, Nexsen & Pruet,* of Columbia, *for Respondent,* 

March 8, 1965.

TAYLOR, Chief Justice.

This appeal arises out of an action in claim and delivery instituted by the plaintiff, First National Bank of South Carolina, seeking recovery of an automobile on which it held a past due note and chattel mortgage and actual and punitive damages for the wrongful detention of said automobile.

The defendant in his answer pleaded in addition to a general denial as second defense that there was a failure of consideration, as a third defense that there was a breach of an express warranty, and as a fourth defense that plaintiff was not a holder in due course of the note and chattel mortgage, but was a party to the transaction.

The case was tried before the Honorable James B. Pruitt and a jury in the Court of Common Pleas for Chester County at the November, 1963, Term. At the conclusion of the testimony, Judge Pruitt directed a verdict for the plaintiff for the possession of the automobile described in the complaint or

its value which was found to be $200.00, and in addition $500.00 actual damages for the unlawful detention of the property. Defendant now appeals contending that the lower Court erred in directing a verdict for plaintiff in that there was sufficient evidence to require submission of the case to the jury on the question of damages and possession.

In passing upon a motion for a directed verdict, the testimony and all reasonable inferences arising therefrom must be viewed in the light most favorable to the party opposing the motion, and if more than one reasonable inference can be drawn from the testimony or the inferences to be drawn therefrom are in doubt, the case should be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the matter is no longer one for the jury but one of law for the Court. *General Motors Acceptance Corp. v. Henson,* 243 S. C. 276, 133 S. E. (2d) 798; 18 S. C. Digest, Trial, Section 142.

The defenses of failure of consideration and breach of warranty are affirmative defenses, the burden being upon the defendant to show by the preponderance of the evidence that there was a failure of consideration or a breach of warranty.

On December 31, 1960, defendant purchased a 1955 Chrysler for $895.00 from Hampton Motors, Inc., of Columbia, trading in a 1952 Chevrolet for which he received credit in the amount of $345.00. The sales contract provided in large type that "It is further understood and agreed that the seller does not guarantee used or second-hand automobiles, and makes no representation or guarantee as to the correctness of speedometer mileage shown on car, and does not obligate itself to do any free work or service on such cars unless specified in writing here below." The contract provided for a 50 per cent warranty for defect appearing within 30 days or 1,000 miles, whichever shall occur first. Defendant also signed a note and chattel mortgage to Hampton Motors, Inc., which provided for 18 monthly payments of $34.95. The note and chattel mortgage were assigned to

Hampton Investment Company, Inc., which then assigned the same to plaintiff without recourse. The first payment on the note was due February 10, 1961; however, no payment was ever made.

"A valid assignment of a chattel mortgage and of the debt which it secures puts the assignee in the place of the mortgagee; the rights and interests of the mortgagee pass to him, although generally the assignee has no better rights than his assignor. The assignee acquired an interest in the debt secured and the property mortgaged, and in jurisdictions where title passes to the mortgagee, he is considered in law and equity the owner of the property until the debt is paid." Section 147, 15 Am. Jur. (2d), Chattel Mortgages, p. 318.

By failing to make any payment on the note, defendant breached the conditions of the chattel mortgage; title to the automobile passed to plaintiff and plaintiff became entitled to possession thereof. *Justus v. Universal Credit Co.*, 189 S. C. 487, 1 S. E. (2d) 508; *John Deere Plow Co. of St. Louis v. L. D. Jennings, Inc.*, 203 S. C. 426, 27 S. E. (2d) 571; *Hutchinson v. A. K. Brown Motors, Inc.*, 191 S. C. 319, 4 S. E. (2d) 268. Plaintiff had the right to peaceably take possession of the property or as possession was refused to institute claim and delivery proceedings to obtain possession. *Castell v. Stephenson Finance Co.*, 244 S. C. 45, 135 S. E. (2d) 311.

Plaintiff introduced the sales contract, the note and chattel mortgage and evidence that no payment was ever made, thereby establishing that it was entitled to possession of the property in this action. However, as the instrument in this litigation is not a negotiable instrument, plaintiff's right to possession is subject to such equities and defenses as defendant may have against the assignor at the time of the assignment. *Bank of Commerce of Charlotte, N. C. v. Waters,* 215 S. C. 543, 56 S. E. (2d) 350.

Defendant contends that there was a failure of consideration in that the Chrysler automobile used an excessive amount of gasoline and motor oil and that the motor and transmission were worn excessively.

With respect to failure of consideration of a contract it is pointed out in 17 C. J. S. Contracts § 127 that "[t]he slightest consideration is sufficient to support the most onerous obligation; the inadequacy * * * is for the parties to consider at the time of making the agreement, and not for the court when it is sought to be enforced * * * it is competent for the parties to make whatever contracts they may please, as long as there is no fraud or deception or infringement of law. Hence the fact that the bargain is a hard one will not deprive it of validity." Citing in support, *Jackson v. Carter,* 128 S. C. 79, 121 S. E. 559.

Plaintiff did not offer any evidence to the effect that there was a total failure of consideration. He testified that the Chrysler automobile used an excessive amount of gasoline, motor oil and transmission fluid and that the motor and transmission were worn excessively. Considering the evidence and the inference therefrom in the light most favorable to defendant, it can only be said in this regard that there was a partial failure of consideration. Defendant's testimony can only mean that the automobile was not worth as much as he paid for it. The parties to the contract were of course both aware of the fact that the Chrysler was a used car when they entered into a 50/50 warranty as to repairs for 30 days or 1,000 miles. Defendant does not allege that there was fraud in the transaction, or that the automobile was represented to be other than it actually was. There is no testimony as to the actual value of the Chrysler at the time it was purchased; the fact that it had some substantial value cannot be denied. Therefore, the contract between defendant and the motor company was supported by a valuable consideration. The contract of sale was under seal and "The rule has long prevailed that while one who signs an instrument of writing under seal is allowed to show failure of consideration, he is not allowed, in the absence of fraud, to show that such instrument was without consideration, the reason being that the seal, of itself, imputes a consideration." (Cases cited) *Bandy v. Bandy et al.,* 187 S. C. 410, 197 S. E. 396.

The automobile was purchased on December 31, 1960. Plaintiff testified that he contacted Hampton Motors, Inc. by telephone on January 4, 1961, relative to the alleged defective condition of the automobile, offering to bring it back and get the automobile he had traded in. On February 1, 1961 the car was taken to Hampton Motors; the carburetor was cleaned and the points replaced. At a later date the car was returned again to Hampton Motors but no further work appears to have been done.

Assuming that all of the complaints defendant had with the Chrysler occurred during the 30 day or 1,000 mile warranty period and that Hampton Motors declined to live up to the terms of the warranty by making repairs on a 50 per cent of cost basis, defendant has offered no evidence which would defeat plaintiff's right to possession in this claim and delivery action.

The only evidence of the value of the Chrysler at the time of sale appears in the sales contract in which defendant agreed to purchase the Chrysler for $895.00. Defendant states this automobile was not in the condition he though it was at the time of sale. However, the only reasonable value from the evidence that can be placed on the Chrysler at the time of sale is that it was worth $895.00 if it did not use an excessive amount of gasoline, motor oil and transmission fluid and the motor and transmission were not worn excessively. Defendant's lay opinion that the Chrysler was worth $200.00 at the time of trial was not evidence of its value at the time of purchase. The trial was held in November 1963, and the car purchased December 31, 1960; meanwhile, the car had been driven approximately 15,000 miles by defendant.

Defendant is entitled under *Bank of Commerce of Charlotte, N. C. v. Waters, supra,* to any offset against plaintiff that he had against Hampton Motors, Inc. However, the burden was on him to establish the amount of any such offset. As Hampton Motors, Inc. was only liable for fifty per cent of the cost of repairs under the warranty, defendant would only be entitled to claim a like amount as an offset

against plaintiff. There is no evidence in the record that the defendant ever sought compliance with the warranty by offering to pay his half of the cost of repairs; no evidence as to the cost of repairs, and no evidence that he endeavored to establish or liquidate the amount of any offset to which he was entitled with either Hampton Motors, Inc., or the plaintiff. It was incumbent upon the defendant to prove the amount of any offset to which he was entitled, whether the same was total or partial, in order that the rights of both parties could be fully adjudicated. He could not defeat plaintiff's right of possession simply by offering evidence tending to prove that he was entitled to an offset, the amount of which is left to speculation or conjecture.

Witness for the plaintiff testified that the Chrysler had depreciated $500.00, which with other expenses plaintiff had been damaged approximately $660.00 by defendant retaining the automobile and refusing to deliver it to the bank. The prayer of the complaint was for $500.00 damages only for the wrongful detention of the automobile and the trial Judge directed a verdict in that amount.

The damages claimed for the wrongful detention of the automobile are unliquidated damages and as such their assessment must rest in the sound discretion of the jury, controlled by the discretionary power of the trial Judge. *Charles v. Texas Co., et al.,* 199 S. C. 156, 18 S. E. (2d) 719; *Wright v. Gilbert, et al.,* 227 S. C. 334, 88 S. E. (2d) 72; *Harper v. Bolton,* 239 S. C. 541, 124 S. E. (2d) 54.

It is the opinion of this Court that the judgment of the lower Court should be affirmed as to the possession of the automobile in question and reversed and remanded for a new trial as to the $500.00 verdict for wrongful detention; and it is so ordered.

Affirmed in part; reversed in part.

Moss, Lewis, Bussey and Brailsford, JJ., concur.